# Porter & Blair Hardware Company v. Perdue.

### Garnishment Suit.

1. *Garnishment; municipal corporation not subject thereto.*—A municipal corporation is not subject to garnishment in this State, and is not within the operation of the garnishment law; nor can a municipal corporation waive its exemption from garnishment, and by answering the writ of garnishment without objection, confer jurisdiction upon the court to proceed against it as a garnishee to judgment.

2. *Same; same.*—The fact that money due from a municipal corporation to a defendant in execution, and which is sought to be reached by writ of garnishment served upon the municipality, has been segregated and set apart from the general fund of the municipal corporation, and is held by its treasurer for the specific purpose of paying

[Porter & Blair Hardware Company v. Perdue.]

the particular debt, can not confer the right of proceeding by writ of garnishment to subject such money to the payment of the plaintiff's demand.

APPEAL from the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

The appellant, the Porter & Blair Hardware Company, recovered a judgment against James H. Perdue, R. S. Lee and J. G. Bozeman at the Fall term, 1892, of the circuit court of Butler county. On this judgment a process of garnishment was issued and served on the city of Greenville, and the mayor and council of the city of Greenville. No notice of the issuance and service of said garnishment was served upon the defendants. On May 3, 1893, at the Spring term, 1893, of the circuit court of Butler county, the garnishee, without objecting to the jurisdiction of said court, made answer in writing to the writ of garnishment, in which it is stated, among other things, that the city of Greenville was a municipal corporation under the laws of the State of Alabama, and that it was, and would be, indebted to the defendant, James H. Perdue, for building and erecting a public school building for the said city under a contract, which was set out in full in its answer. At the same term of the court, one Edward Crenshaw "as *amicus curae* and also as attorney for, and representing the defendants in said cause, and appearing as such only for the purpose of making these motions, and objecting to this court rendering judgment against the garnishee in this case, and condemning the debt garnished in the hands of the garnishee to the satisfaction of plaintiff's judgment," moved the court to quash and dismiss the writ of garnishment, and the proceedings thereunder, on the grounds, first, that the court was without jurisdiction to hear and determine the same; 2d, that the court has no jurisdiction over the garnishee in this case, because it is not subject to garnishment; and, 3d, because the court is without jurisdiction to render legal and valid judgment against the garnishee.

On the submission of the cause, together with the motions, in accordance with the agreement of counsel, the court rendered judgment quashing and dissolving the writ of garnishment, dismissed the proceedings thereunder, and discharged the garnishee. The plaintiff

in the garnishment suit brings the present appeal, and assigns this judgment of the court as error.

L. M. LANE and C. E. HAMILTON, for appellant. The city was garnished for the money then due the defendant, James H. Perdue. The city came in and answered an indebtedness to the defendant. The money sought to be garnished was the money set aside for the special purpose of paying for the erection of the school building, and was money in the hands of the mayor as special treasurer by the authority of his office as mayor. The money sought to be garnished was not the money of the city, and would not come within the rule of a violation of public policy. The city had received the benefits of the contract entered into by it and James H. Perdue, and merely held the money as trustee. It could in no wise be injured, or the public good interfered with, by the garnishment in this case. Exemption from the process of garnishment is a special privilege, and can be waived. The defendant in a garnishment suit can not claim the exemption.—*Dollman v. Moore*, 12 So. Rep. (Miss.) 23 ; *Clapp v. Walker*, 25 Iowa 315 ; *Commissioners v. Bond*, 3 Col. 411.

E. CRENSHAW, *contra*.—1. Municipal corporations are not subject to garnishment in this State, and are not within the operation of the garnishment law.—*Clark v. School Commissioners*, 36 Ala. 621 ; *Mayor v. Rowland*, 26 Ala. 498 ; *Underhill v. Calhoun*, 63 Ala. 216, overruling *Smoot v. Hart*, 33 Ala. 69 ; Drake on Attachments, §§ 516, 694, 658c ; 8 Amer. & Eng. Encyc. of Law, pp. 1133, n. 1, 1135 n n. 2, 3. 4, 5 and authorities cited ; *Dollman v. Moore*, 12 So. Rep. (Miss.) 23 ; *Jones v. Crews*, 64 Ala. 368.

2. Being a remedy unknown at common law, and dependent entirely upon legislation, garnishment may be employed only in such cases as come within the purview of the statute, as interpreted and construed by the decisions of this court, and when it appears that the process has been improperly issued, or in cases which do not come within the purview of the statute as so interpreted and construed by this court, it is the duty of the court to dismiss the proceedings ; otherwise any judgment rendered by it against the garnishee in such cases

[Porter & Blair Hardware Company v. Perdue.]

would be absolutely void, and afford no protection to the garnishee.—*Jones v. Crews*, 64 Ala. 368; 8 Amer. & Eng. Encyc. of Law, pp. 1105, § 5 and note, 1110, 1119, 1121, 1129, 1245, § 4; Drake on Attachments, §§ 84, 516, 694, 658c, 691–696; *Goodman v. Winter*, 64 Ala. 410; *Whorton v. Moragne*, 62 Ala. 201; *Dew v. Bank*, 9 Ala. 323; *Jeffries v. Harbin*, 20 Ala. 387; *Fields v. Walker*, 23 Ala. 155; *Wightman v. Karsner*, 20 Ala. 446; *Lamar v. Com. Ct.*, 21 Ala. 772; *L. & N. R. R. Co. v. Dooley*, 78 Ala. 524.

3. The legislature by a special enactment, bringing private corporations within the operation of the garnishment law (Pam. Acts 1855–56, p. 6), and by the statute of 1856 (Rev. Code, § 2895) subjecting municipal corporations to process of garnishment at the suit of judgment creditors, and repealing this last statute by act of 1868 (Pam. Acts 1868, p. 31), and never having re-enacted the same up to the present time, is a legislative interpretation and construction that municipal corporations are not within the operation of the present garnishment law, and shows a positive legislative design to leave municipal corporations free from the influence of such law, and that municipal corporations are not within the purview of the statute and subject to garnishment in this State.—Pam. Acts 1855–56, p. 6; Rev. Code, § 2895; Pam. Acts 1868, p. 31, Code, 1886, §§ 2944, 2938, 2940, 2945, 2975; *Clark v. School Com.*, 36 Ala. 621; *Mayor v. Rowland*, 26 Ala. 498; *Underhill v. Calhoun*, 63 Ala. 216; *Dollman v. Moore*, 12 So. Rep. (Miss.) 23.

4. In this State, a municipal corporation can not waive its exemption from garnishment, or, stating it more correctly, can not waive its not being within the purview of the statute, and by submitting itself to the jurisdiction of the court, and answering without objection, confer jurisdiction on the court to render a valid judgment against it in the premises. No waiver, consent, laches or mispleading can give the court jurisdiction and render its judgment against the garnishee valid in such cases.—8 Amer. & Eng. Encyc. of Law, 1135, n. 5; *Wallace v. Lawyer*, 54 Ind. 501; *McLellan v. Young*, 54 Ga. 399, s. c. 21 Amer. Rep. 276; *Rindge v. Greene*, 52 Vt. 204; *Jeffries v. Harbin*, 20 Ala. 387; *Fields v. Walker*, 23 Ala. 155; *Goodman v. Winter*, 64 Ala. 410; *Whorton v. Moragne*, 62 Ala. 201; *Lamar v. Com. Ct.*, 21

Ala. 772; *Dew v. Bank*, 9 Ala. 323; *Wightman v. Karsner*, 20 Ala. 446; *Dollman v. Moore*, (Miss.) 12 So. Rep. 23; Drake on Attachments, §§ 694, 658c., 516; 3 Clinton's Dig., 1887, § 86; 7 Wait's Act. & Def., 181, § 1; and authorities above.

McCLELLAN, J.—Garnishment is a remedy or process of purely statutory creation and existence. There is no authority for a resort to it—courts are without jurisdiction to grant and effectuate it—except in cases and against parties which and who are within the terms of the statute.. Public corporations, such as towns and cities, are not within the purview of the statute of garnishment in this State: they are held not to be subject to this process, unless included in unequivocal terms by the letter of the statute, on grounds of public policy; and our statute does not so include them. *Underhill v. Calhoun*, 63 Ala. 216; Code, §§ 2971, 2974, *et seq*.

But whether the non-liability of such corporations to this process be put upon the idea of exemption merely from the operation of a statute broad enough to embrace them, or upon the idea that they are not embraced at all in the terms of the statute, is of no practical consequence. If they are not within the statute at all, no court has, nor by consent can acquire, jurisdiction to proceed against them in this way; and if it is a mere matter of exemption the same public policy which gives life to it is potent also to prevent the officers and agents for the time being of such corporations from waiving the exemption by appearing without objection and admitting indebtedness for the corporation.—8 Am. & Eng. Encyc. of Law, p. 1135.

The fact that the money due from a corporation to the defendant in execution and sought to be thus reached has been segregated from the general fund of the corporation, and is held by its treasurer for the specific purpose of paying the particular debt, does not alter the case. It is still only a debt from the corporation to the defendant, and the process of garnishment, whether nominally issuing against the officer or against the corporation, is in reality a proceeding by garnishment against the corporation itself, and not maintainable.—8 Am. & Eng. Encyc. of Law, p. 1134, and note 2.

These considerations will serve to indicate the grounds of our conclusion that the circuit court did not err in its judgment quashing and dissolving the garnishment against the city of Greenville, dissmissing the cause and discharging the garnishee; and said judgment is accordingly affirmed.