FRANKLIND W. TYLER, *Plaintiff in Error*, v. B. AKERMAN, W. F. ALLEN AND CITY OF COCOA, A MUNICIPAL CORPORATION AS GARNISHEE, *Defendants in Error*.

Opinion Filed May 12, 1923.

The statute in providing that "Every person who shall have brought a suit to recover a debt or shall have recovered a judgment in any suit in any court of this State against any person, natural or corporate, shall have a right to a writ of garnishment, in the manner hereinafter provided, to subject any indebtedness due to the defendant by a third person, and any goods, money, chattels or effects of the defendants in the hands, possession or control of a third person, the officers, agents and employes of any companies or corporations, third persons, and as such shall be subject to garnishment after judgment against such companies or corporations," manifests no legislative intent to make the writ of garnishment applicable to municipalities.

A Writ of Error to the Circuit Court for Brevard County; James W. Perkins, Judge.

Judgment affirmed.

*Butt & Collins*, for Plaintiff in Error;

*Gus C. Edwards*, for Defendants in Error.

WHITFIELD, J.—This writ of error was taken to a judgment quashing a writ of garnishment as to the municipality.

The statute provides that ''Every person who shall have brought a suit to recover a debt or shall have recovered a judgment in any suit in any court of this State against any person, natural or corporate, shall have a right to a writ of garnishment, in the manner hereinafter provided, to subject any indebtedness due to the defendant by a third person, and any goods, money, chattels or effects of the defendants in the hands, possession or control of a third person. The officers, agents and employes of any companies or corporations, third persons, and as such shall be subject to garnishment after judgment against such companies or corporations.'' Sec. 3431, Rev. Stats. 1920.

By the terms of the statute it appears that there was no legislative intent to make the writ applicable to municipalities, and this is the general rule. See 28 C. J. 59; 12 R. C. L. p. 843; Welch Lumber Co. v. Carter Bros. & Bird, 78 W. Va. 11, 88 S. E. Rep. 1034; 2 A. L. R. 1583; 5 McQuillam on Mun. Corp. Sec. 2517; Switzer v. City of Wellington, 40 Kan. 250, 19 Pac. Rep. 620, 10 Am. St. Rep. 196; Duval County v. Charleston Lumber & Mfg. Co., 45 Fla. 256, 33 South. Rep. 531, 3 Ann. Cas. 174; Michigan Lumber & Mfg. Co. v. Duval County, 45 Fla. 472, 34 South. Rep. 245; 20 Cyc. 989; 10 Ency. of Proc., 399; 14 Am. & Eng. Ency. Law (2nd ed.) 812; 1 Dillon on Mun. Corp. (5th ed.) §§ 249, 428.

There should be an affirmance of the judgment.

TAYLOR, J., concurs.

WEST, J., concurs specially.

ELLIS AND BROWNE, JJ., dissent.

WEST, J., concurring.

There are cases to the contrary, but the prevailing rule is to the effect that garnishment statutes making corporations liable to garnishee process are not applicable to municipal corporations. Mobile v. Rowland, 26 Ala. 498; Porter & Blair Hdw. Co. v. Perdue, 105 Ala. 293, 53 Am. St. Rep. 124; Skewes v. Tennessee Coal, etc. Co., 124 Ala. 629, 27 South. Rep. 435, 82 Am. St. Rep. 214; McLellan v. Young, 54 Ga. 399, 21 Am. Rep. 276; Leake v. Lacy, 95 Ga. 747, 51 Am. St. Rep. 112; Memphis v. Laski (Tenn.) 9 Heisk 511, 24 Am. Rep. 327; Switzer v. Wellington, 40 Kan. 250, 19 Pac. Rep. 620, 10 Am. St. Rep. 196; Donahue v. Newburyport, 211 Mass. 561, 98 N. E. Rep. 1081, Ann. Cas. 1913B, 742 and note; Merwin v. Chicago, 45 Ill. 133, 92 Am. Dec. 204; Buffham v. Racine, 26 Wis. 449; Flood v. Libby, 38 Wash. 366, 80 Pac. Rep. 533, 107 Am. St. Rep. 851; Vaughn v. Condon (Cal. App.) 199 Pac. Rep. 544.

In Merwin v. Chicago, supra, the court said: "A large and growing city like Chicago must constantly have hundreds of persons in its employment; and if the city cannot at short intervals make a settlement of these multitudinous accounts, but is liable to be drawn into court at the suit of every creditor of its numerous employees, it will not only be engaged in such expensive and vexatious litigation in which it has no interest, but, if unable to safely pay its employees and contractors, it may lose the services of persons that may be of much value. We understand, however, the counsel for the appellant to concede that Money due municipal officers, agents, or contractors is not liable to the garnishment; but it is insisted if the city

had been required to answer, the alleged indebtedness in the present case would not have fallen in either of these classes. But, in our opinion, the city should not be subjected to this species of litigation, no matter what may be the character of its indebtedness. If we hold it must answer in all these cases, and the exemption from liability be allowed to depend in each case upon the character of the indebtednenss, we still leave it liable to a vast amount of litigation in which it has no interest, and obliged to spend the money of the people and the time of its officials in the management of matters wholly foreign to the object of its creation. A municipal corporation cannot be properly turned into an instrument or agency for the collection of private debts. It exists simply for the public welfare, and cannot be required to consume the time of its officers or the money in its treasury in defending suits in order that one private individual may the better collect a demand due from another. A private corporation must assume the same duties and liabilities as private individuals, since it is created for private purposes. But a municipal corporation is a part of the government. Its powers are held as a trust for the common good. It should be permitted to act only with reference to that object, and should not be subjected to duties, liabilities, or expenditures merely to promote private interests or private convenience.''

In Porter & Blair Hardware Co. v. Perdue, supra, the court said: ''Garnishment is a remedy or process of purely statutory creation and existence. There is no authority for a resort to it—courts are without jurisdiction to grant and effectuate it—except in cases and against parties which and who are within the terms of the statute. Public corporations, such as towns and cities, are not within the purview of the statute of garnishment in this State; they are

held not to be subject to this process, unless included in unequivocal terms by the letter of the statute, on grounds of public policy; and our statute does not so include them.''

In Switzer v. Wellington, supra, the court said: ''It is contended that the phrase 'any person or corporation' includes a city of the second class; that the term 'corporation' is used without limitation, and embraces not only private but public corporations. We think that the term 'corporation' as used in this section has reference solely to private corporations organized for private purposes, and that it does not include municipal corporations. Cities are a part of the government, and should not be required to become involved in litigation in which they have no interest. This exemption from garnishee process is based entirely upon the ground of public policy. The reasons given by different courts are numerous; among others, that it would impair the usefulness and power of such corporations in the discharge of their functions; it would draw cities into litigation, and occupy the time of their officers in expensive and vexatious suits in which they had no interest, and would compel them to expend the money of the people and the time of their officials on a matter wholly foreign to their creation; it might impede public improvements and the execution of contracts in which the public would be interested.''

The foregoing quotations are sufficient to illustrate the holdings upon this point in the various jurisdictions. It seems to me that the rule is predicated upon a sound basis.

ELLIS, J., dissenting.

The only question presented by this record is whether a city may be charged as garnishee.

Tyler had brought an action against Ackerman in the circuit court for Brevard County. The attorney for the plaintiff made an affidavit in garnishment stating that he had reason to believe that the City of Cocoa and W. F. Allen have in their possession or control moneys, goods and chattels belonging to the defendant Ackerman.

The City appeared by its attorney in answer to the writ which was issued and moved to quash it upon the ground that a municipal corporation is not subject to garnishment. The motion was granted.

Section 3431 Revised General Statutes 1920 secures to every person who shall have brought a "suit" to recover a debt or who shall have recovered a judgment, a right to a writ of garnishment to subject any indebtedness due to the defendant by a third person and any money or goods in the hands of a third person.

It has never been held in this State that the above section does or does not authorize writs of garnishment against a city. It has been held not to authorize a writ of garnishment against a county. Duval County v. Charleston Lumber & Mfg. Co., 45 Fla. 256, 33 South. Rep. 531. Reaffirmed in Michigan Lumber & Mfg. Co. v. Duval County, 45 Fla. 472, 34 South. Rep. 245.

In the first case the relation of the county to the State is discussed and it is there stated that "Counties are created for the care and promotion of public interests and should not from motives of public policy be subjected to the liability of becoming involved in the disputes of private persons or be made the instrumentalities for collecting private debts." It is conceded that the statute extends to and may be applied to a corporation, yet the exception was made that it did not apply to "public quasi-corpora-

tions such as counties.'' This conclusion was reached on the ground of public policy. It was stated that ''It could readily be seen that in large counties where the public interests required the employment of a considerable number of persons a liability to garnishment would be highly injurious to the public interests.''

Mr. Justice Carter dissented from the conclusion reached in that case. His view being that the statute did authorize a writ of garnishment against a county and by very cogent reasoning urged that an exception should not be written by the court into the statute in favor of counties. That an exception was made by the court in favor of counties is clear both from the language of the statute and that of the court's opinion which was delivered by Mr. Justice Hocker.

Shall the exception be extended to municipalities? Are municipalities and counties the same character of corporations? Do they perform the same functions? Are they instrumentalities of the State engaged in the promotion of public interests in the same sense that counties are so engaged?

A county is a political subdivision of the State. A city is not. A municipality is organized voluntarily by the citizens of a locality for the purpose of local government, its citizens have a proprietary interest in its funds, the citizens of a county have not. A city is organized for the local advantage and convenience of the people in the particular locality. A county is a State agency through which many of the powers of the State are exercised. See Keggin v. Hillsborough County, 71 Fla. 356, 71 South. Rep. 372.

In a garnishment proceeding where a city is named as garnishee there is no burden cast upon the city, no duty to perform except to act as temporary stakeholder to await

the determination of a court in an action in which it has no interest..

Mr. Howard S. Abbott in his work on municipal corporations says: the rule of nonexemption of cities is the better rule, ''since any fancied interruption to public business is not sufficiently serious to warrant the public corporation in protecting an officer or employee refusing to pay legitimate claims against him.'' Sec. 3 Abbott on Municipal Corporations § 1153.

Judge Dillon says: ''A municipal corporation is exempt from liability to garnishment with respect to its revenues and the salaries of its officers but that when it owes an ordinary debt to a third person the mere inconvenience of having to answer as garnishee furnishes no sufficient reason for withdrawing it from the reach of the remedies which the law gives to creditors of natural persons and of private corporations. 1 Dillon Municipal Corporations, Sec. 101.

Mr. Ackerman's relation to the city of Cocoa is not shown by the record and it does not appear that the amount alleged to be due to him by the City is on account of salary as an officer.

I think the judgment should be reversed.

BROWNE, J., dissenting.

I concur fully in the dissenting opinion of Mr. Justice Ellis.

I can find no reason, although I find some decisions, why municipal corporations should be treated differently from other corporations in a garnishment proceeding such as the one under consideration.

The decisions are so hopelessly divided on this subject that fancy alone determines on which side is that hazy thing, dubbed, "the weight of authority."

The tendency of. municipal government is to grasp for more power, to exercise it despotically and claim exemptions from rights, duties and obligations towards the inhabitants and tax payers of the city. One line of decisions favors municipalities in these respects, while the tendency of others is to curb them.

The effect of this decision is to restrict the rights of the people and extend and enlarge those of municipalities.

I prefer to follow those that preserve the rights of the people and limit the autocratic tendencies of municipalities.

The duties of municipalities are largely of a business character, and becoming more so under the Commission-Manager form of government. It is a fiction only that vests in them part of the sovereignty of the State, and I am opposed to enlarging that fiction so that every townlet and villagelet may strut with the crown of sovereignty upon its brow.