MORRISON, et al, Respondents, v. CONNERY, Appellant.

(229 N. W. 392.)

(File No. 6833. Opinion filed February 21, 1930.)

*Morrison & Skaug,* of Mobridge, pro se.

*Lewis W. Bicknell,* of Webster, and *Wm. M. Potts,* of Mobridge, for Appellant.

*Martens & Goldsmith,* of Pierre, and *Morrison & Skaug,* of Mobridge, for Respondents.

BURCH, J. This action is brought under the provisions of section 2872, R. C. 1919, reading as follows: "An action may be brought by one person against another, for the purpose of determining an adverse claim which the latter makes against the former, for money or property. upon an alleged obligation; also against two or more persons for the purpose of compelling one to satisfy a debt due to the other, for which plaintiff is bound as surety."

The action was commenced by service of summons on June 27, 1928. The complaint alleges that plaintiffs are licensed attorneys and as a partnership were employed in certain criminal proceedings against John Brannan, defendant's husband, by the said husband and his wife, the defendant, who was then Mrs. Addie Brannan; that for services rendered in such proceedings plaintiffs "were paid $1025.00 and no more which was less than the reasonable value thereof"; that from said sum plaintiffs paid expenses of about $175 and that the balance is now held, owned and in the possession of plaintiffs; that defendant now claims said sum of money and makes adverse demand and claim thereto; and that she has no valid claim to, interest in, or lien thereon or any part thereof, and that her claim is fictitious and void. Defendant demurred to the complaint. On motion the demurrer was stricken as frivolous, judgment for plaintiffs was ordered, and on the same day, October 19, 1928, the court made findings of fact and conclusions of law and rendered judgment for plaintiffs. An attempt was made by de-

fendant to have this judgment set aside without avail and this appeal was thereafter taken. A motion was made in this court to dismiss the appeal on the ground that the appeal was duplicitous. The opinion of this court denying the motion is reported in 223 N. W. 210, where additional details of the proceedings herein may be found. It is now urged in the brief of respondents that the motion for new trial was not entered at the time the appeal was taken and therefore the appeal from the order denying a new trial is premature, and the appeal now stands as an appeal from the judgment alone. We think the case may be disposed of upon the appeal from the judgment, and it will therefore not be necessary to decide whether or not the appeal from the order is premature.

It is apparent from the record the court took no evidence. The findings of fact are simply a copy of the complaint. There is no authority for a judgment upon a complaint in equity without proof of the facts alleged therein. We make this observation by way of parenthesis, not to be understood as a consideration of the sufficiency of the evidence on the appeal from the judgment, but for information of circuit judges. If evidence had been taken no doubt the facts would have disclosed no pretended claim by defendant to specific money and a dismissal of the action would have been the necessary result.

The action purports to be a suit to quiet title to money. The complaint is insufficient to state a cause of action and the demurrer should have been sustained. There is no statutory provision for pleading conclusions as in case of real property. Plaintiffs to state a cause of action must state facts entitling them to equitable relief. They say they were paid $1,025, but make no specific description of the money so paid. They say they paid $175 of this for expenses. They cannot quiet title to that. The balance, $850, they say they own and have in their possession. If they have it, they can specifically describe it by character and numbers of the bills, if paper money. If silver, by date of coinage and other identifying marks, if any. They must allege the specific claim defendant asserts and in what way her claim prevents their spending the specific money over which their complaint indicates they have full control. If defendant has no means of interfering with their full enjoyment of their title, they do not need equitable relief.

472

■ 'We strongly suspect, and the complaint and judgment obtained indicate, that plaintiffs are seeking to adjudicate a claim they expect defendant to make against them personally. Whatever section 2872, R. C. 1919, may mean, it certainly does not provide a means for litigating a personal cause of action which a defendant anticipates may be brought against him. He has an adequate remedy at law by his day in court when sued.

If the action was intended to litigate an anticipated personal claim, it is preposterous. If a legitimate effort to quiet title to specific money upon which defendant claims a specific lien, the complaint is wholly inadequate. Plaintiffs succeeded in spending $175 in disregard of any claimed lien of defendant, and we can see no reason why they could not have spent the balance. If there is a reason it must be pleaded.

The judgment appealed from is reversed.

BROWN, P. J., and POLLEY and SHERWOOD, JJ., concur.

CAMPBELL, J. (concurring specially). I concur in the view that appellant's demurrer should have been sustained and that the judgment should be reversed.