LOUISE COBB, a widow and THE METROPOLITAN CASUALTY INSURANCE COMPANY OF NEW YORK v. RICHARD H. WALKER.

198 So. 324

Division A

Opinion Filed October 25, 1940

Rehearing Denied November 12, 1940

*E. W. & R. C. Davis,* for Petitioner;

*G. P. Garrett,* for Respondent.

BUFORD, J.—This case is before us on petition for certiorari to review an interlocutory order in chancery denying motion to dismiss bill of complaint and to dissolve temporary injunction.

The bill alleges that the defendant, Louise Cobb, a widow, is a citizen and resident of Altadena, California, and that the Metropolitan Casualty Insurance Company of New York of 10 Park Place, City of Newark, in the State of New Jersey, is an insurance company authorized to do business in the State of Florida and having an agent in this State; that plaintiff is a surgeon practicing his profession in Orlando, Florida. That Mrs. Cobb was a patient of the plaintiff upon whom the plaintiff performed an operation at her

request and which operation was successful and for which operation, and the services of the plaintiff, Mrs. Cobb, is indebted to the plaintiff in the sum of $915.00; that said services were rendered between October 11, 1939, and March 16, 1940, and were not paid for.

That the operation was required because of an automobile accident in which Mrs. Cobb was injured while riding as a guest in an automobile owned by her brother, Franklin Lawrence, and that the automobile was insured by the insurance company, *supra,* under a certain insurance policy issued by the company which covered damages to the owner thereof and to any guest riding therein for any injuries sustained while riding therein.

That the accident occurred September 19, 1939, in Indian River County, Florida; that immediately after the accident Mrs. Cobb consulted a certain physician at Daytona Beach, Florida, and that physician, after treating her, referred her to the plaintiff as a consultant and surgeon for the necessary operation. Thereupon the plaintiff rendered the services, *supra.*

That the accident and injuries occurred in such manner as to render liable the defendant insurance company, *supra,* to pay the said Louise Cobb such damages and losses as she sustained by virtue thereof. That of the damages and losses which Mrs. Cobb sustained by virtue of said accident was the expense incurred by her for the proper medical and surgical treatment for her injury, including the amount of plaintiff's bill.

That to the extent of the claim of the plaintiff the plaintiff is the real party in interest, having interest in said policy of inusrance and a lien upon the sum payable thereunder to Mrs. Cobb by the insurance company on account of said injury, for his said bill, to-wit, $915.00.

That plaintiff is entitled to enforce this equitable lien in

a court of chancery against the fund payable to said Mrs. Louise Cobb under said policy because of said injury, and brings that suit seeking such relief in equity.

That Mrs. Cobb resides out of the State of Florida; that she has no property in this State save the debt due her by the defendant insurance company, that the insurance company has an agent for process in this State; that the services were rendered in the State of Florida; that the accident occurred in the State of Florida; that the defendant company is indebted to Mrs. Cobb under such policy on account of said injury and that the cause of action in favor of Mrs. Cobb against the company arose in this State.

That to prevent Mrs. Cobb from settling with the insurance company and collecting the money to be paid by the insurance company with which to pay the plaintiff's bill and keeping the said money without paying the same to the plaintiff, the plaintiff avers that it is necessary for the court to restrain the defendant insurance company from paying or conveying away or secreting the debt by it owing to, or the effects in its hands of, such absent defendant, and to restrain the said defendant from conveying away or secreting or removing the property in litigation, namely the debt.

For this relief the bill prays.

It appears that the plaintiff bases his right on the provisions of Section 3211 R. G. S., 5003 C. G. L., the pertinent part of which is as follows:

"If any suit shall be commenced for relief in equity in any court against any defendant residing out of this State, and any other defendant within the same having in his hands effects of, or being otherwise indebted to, such absent defendant and the appearance of such absentee be not entered and security given to the satisfaction of the court for performing the decree, upon affidavit that such defendant is out of the State, or that upon inquiry at his usual place of

abode he cannot be found so as to be served with process, the court may make an order and require surety, if it shall appear necessary, to restrain the defendant in this State from paying or conveying away, or secreting the debts by him owing to, or the effects in his hands, of such absent defendants, or to restrain the absent defendant from conveying away or secreting or removing the property in litigation, or make an order sequestrating the property which may be necessary to secure the plaintiff if he finally succeeds; and may order such debts to be paid, and effects to be delivered up to said plaintiff, upon his giving sufficient security for the return thereof."

The allegations of the bill of complaint are not sufficient to warrant relief in equity against Mrs. Cobb. The allegations of the bill show that the plaintiff has a cause of action at law against Mrs. Cobb; that she is a non-resident of the State of Florida, and therefore, personal judgment cannot be legally entered against her.

The statute, *supra,* applies to any suit in equity which should be commenced for relief in equity in any court against any defendant residing out of the State and any other defendant within the same having in his hands effects of, or being otherwise indebted to such absent defendant. This language presupposes the existence of a cause of action cognizable in equity against the defendant. The most the plaintiff is shown to have is a cause of action for unliquidated damages against the absent defendant and that it is such a claim as can only be adjudicated by jury trial.

We are not required at this time to say what the plaintiff's status might be if he held a judgment against the defendant, Mrs. Cobb.

The bill of complaint also fails to show that there has been any adjudication of the liability of the insurance company to Mrs. Cobb. The liability of the insurance company

to Mrs. Cobb is a matter not cognizable in equity but, if such claim exists, it is a claim which if not voluntarily paid must be enforced by an action at law in which the insurance company is entitled to trial by a jury.

In Gentry-Futch Company v. Gentry, 90 Fla. 595, 106 Sou. 473, it was held:

"While a court of equity, having once obtained jurisdiction of a cause, will retain it for all purposes and administer complete relief, yet in order to authorize relief which can be obtained in a suit at law, there must be some substantial ground of equitable jurisdiction both alleged and proven; otherwise a court of equity will not retain jurisdiction and grant a purely legal remedy."

See also 10 R. C. L. 370 to 372.

It cannot be said that this is an equitable garnishment because generally a debt to be subject to garnishment must be due absolute and without contingency. See Sloss v. Glaze, 231 Ala. 234, 164 Sou. 51. See also Clecak v. Dunn, 95 Cal. Ap. 537, 272 Pac. 1104 and also see Williams v. T. R. Sweat & Co., 103 Fla. 461, 137 Sou. 698, in which it was held: "* * * for a suit merely 'to recover a debt' cannot be brought in an equity court." And, further in that case, we said: "Writs of garnishment issued in foreclosure suit held properly dissolved where amount due was contingent and uncertain."

The bill of complaint in this case shows that if there is any amount due from the insurance company to Mrs. Cobb that amount is uncertain and, likewise, that if there is any amount due from Mrs. Cobb to the plaintiff such amount has not been adjudicated and is indefinite and uncertain.

It, therefore, follows that the order of the circuit court must be quashed and the cause remanded with directions that the bill of complaint be dismissed.

So ordered.

Terrell, C. J., and Thomas, J. J., concur.

Brown, J., concurs specially.

Justices Whitfield and Chapman not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.

Brown, J. (concurring).—Defendants in error cite, among others, the case of Moss v. Sperry, 140 Fla. 301, 191 So. 531, 125 A. L. R. 909, but I hardly think that case is in point here. In that case there was the bill alleged that the defendant vendors, and the purchaser conspired to defraud the real estate broker of his commission, the amount of which was a definite sum. There was a basic ground of equity upon which to proceed.