## ALTON M. AKE v. C. L. CHANCEY, et al.

13 So. (2nd) 6

March 30, 1943

Rehearing Denied May 5, 1943

January Term, 1943

En Banc

678

*Manley P. Caldwell,* for appellant.
*C. A. Hiaasen* and *J. T. Chancey,* for appellees.

PER CURIAM:

In May, 1931, appellee C. L. Chancey entered into contract with Spitzer Rorick Trust and Savings Bank and other non resident defendants including appellant as representative of a certain bondholders' committee for the collection of outstanding bonds and coupons. The bonds and coupons were issued by Florida Municipalities and were held by the bondholders' committee. The contract provided that a reasonable compensation be paid Chancey, the amount of which was to be fixed by H. C. Rorick as trustee for the bondholders' committee.

Chancey prosecuted litigation and performed other services contemplated by his contract and up to December, 1934, received the sum of $5,800 to apply on his compensation. On December 4, 1934, he rendered an itemized statement to Spitzer Rorick Trust and Savings Bank for services performed. A controversy arose between Chancey and Rorick as to what constituted a reasonable compensation. Rorick appears to have fixed six and two-thirds per cent of the amount collected as reasonable compensation but Chancey contended that he was entitled to more. Hence this suit for a declaratory decree construing the contract, for an accounting and for constructive service on defendants.

The bill of complaint was filed in June, 1935, at the time it was filed Chancey was in possession of $23,777 as shown in the itemized statement of December 4, 1934. He held this sum as his compensation without the consent of his client. On the day the bill of complaint was filed, an order was entered suppressing the fact of its filing until funds in the hands of the City of Fort Lauderdale and Broward County Port Authority arising as a result of mandamus suits against them amounting to $22,873 could be impounded under writ of garnishment pending the final decree in the suit for declaratory decree.

No effort was made to secure constructive service on any of the defendants for more than six years after the bill was filed. In January, 1942, an attempt was made to secure constructive service under the 1941 Constructive Service Statute, Chapter 20452, Laws of Florida. Affidavit for publication was filed based on the bill of complaint filed in June, 1935. Notice to appear was issued and made returnable February 2, 1942, on which date a decree pro confesso was entered against all the non resident defendants. Before the entry of the latter decree appellant Ake assigned and transferred his right in the City of Fort Lauderdale and Broward County Port Authority litigation to D. W. Drennan who moved to dissolve the writs of garnishment impounding these funds.

Other proceedings affecting the funds took place which are not pertinent here and are not recited; suffice it to say that on February 9, 1942, on motion of Chancey a final decree

was entered holding that jurisdiction was obtained over the defendants by the order of publication, that the funds held by the City of Fort Lauderdale and Broward County Port Authority ($22,873) were subject to the jurisdiction of the Court pursuant to Section 5003, Compiled General Laws of 1927, that Chancey had an equitable lien on said funds pursuant to the garnishment proceedings and that plaintiff had a right to appropriate the funds collected and held by him when the bill was filed. Jurisdiction was retained to take evidence for the purpose of determining the amount of compensation that was due Chancey.

Ake forthwith filed his special appearance in this Court and appealed for the sole purpose of challenging the validity of the final decree and the judgment so entered against him. His appeal goes solely to jurisdictional grounds and contends that the Court was without jurisdiction to enter the final decree because the bill of complaint and proceedings thereunder did not meet the requirements of the 1941 Constructive Service Statute. No other question is presented.

It is contended by appellee that appellant's special appearance amounts to a general appearance and gave the circuit court jurisdiction of the parties and the subject matter, that appellant was not entitled to challenge the jurisdiction of the circuit court by appeal and special appearance in this Court before bringing that question to the attention of the trial judge, and that Alton M. Ake is not a proper party appellant.

The latter question is predicated on the charge that Ake had transferred his interest in the res involved to D. W. Drennan but the record disproves this. It is true that he (Ake) had assigned an interest to Drennan but he still retained a very important right in the res. There is likewise no basis for the contention that the special appearance amounts to a general appearance. On filing a special appearance one has a right to resort to the bill of complaint to show why the court did not acquire jurisdiction and that was all that was done in this case. Henderson v. Usher, 118 Fla. 688, 160 So. 9. Findley v. Florida East Coast Railway, 3 Fed. Supp. 393. The right to appeal specially and raise

the question of jurisdiction in the manner done here is answered contrary to the appellee in Rorick v. Stillwell, 101 Fla. 4, 133 So. 609, and Hulsey v. Commercial Investment Trust Inc., 103 Fla. 609, 138 So. 766. We have examined the cases relied on by appellee but they are not in point.

We come now to a discussion of the question of whether or not the bill of complaint and the proceedings thereunder meet the requirements of the 1941 Constructive Service Statute. A negative answer to this question renders the final decree a nullity.

Appellee contends that constructive service may be predicated on (1) the prayer for construction of the contract, (2) the prayer for accounting, (3) the prayer to declare an equitable lien, (4) the prayer to quiet title to the res, or (5) the equitable garnishment secured at the inception of the main suit.

In our view the alleged equitable garnishment was void. Cobb v. Walker, 144 Fla. 600, 198 So. 324, and Williams v. Sweat, 103 Fla. 461, 137 So. 698, foreclose this question. These cases were disposed of on the theory that equitable garnishment contemplates a cause cognizable in equity and has no application to a mere legal claim. It cannot apply where the amount claimed is unliquidated, is in dispute, or is uncertain. It is likewise invalid as against a municipality. Tyler v. Akerman, 85 Fla. 485, 96 So. 838; Armstrong Grocery Co. v. Smith-Alford Sign Service Inc., 101 Fla. 668, 132 So. 696.

The pertinent part of the contract shows that it was entered into between appellee and Rorick for Spitzer Rorick Trust and Savings Bank and other non-resident bond and coupon holders for the performance of professional services as heretofore stated at a reasonable compensation to be fixed by Rorick. A disagreement arose between appellee and Rorick as to what the compensation should be. Appellee retained and paid himself the sum of $23,777 from funds he collected and garnished $22,873 secured by mandamus against the City of Fort Lauderdale and Broward County Port Authority.

So at best, the facts in the case give rise to nothing more than a common law action to collect an attorney's fee. The

fee had not been refused. Rorick under the contract appears to have fixed it at six and two-thirds per cent of the amount collected but Chancey thought that was enough so the ultimate question is whether or not the amount fixed was reasonable. There was, in other words, nothing but a personal claim to enforce, there was no lien on the funds or anything showing that the res was assigned to appellee. He had collected substantial amounts on his compensation and there is no showing that his client was not willing to treat him fairly.

We find nothing in the 1941 Constructive Service Statute to show that it was intended to be employed to bring a defendant into court for the mere purpose of collecting a personal claim and the cases relied on by appellee do not show that constructive service can be substituted for personal service in such cases. The courts generally hold that suits to collect personal claims cannot afford a basis for constructive service. This rule is equally applicable where accounting is prayed for to effect nothing more than a disputed personal claim. Furthermore a declaratory decree must be predicated on a claim supported by a rem.

The record shows that appellee not only paid himself $23,777 out of his client's funds but before he completed the mandamus proceedings against the City of Fort Lauderdale and Broward County Port Authority in which the $22,873 was garnished, he filed the instant suit. He therefore abandoned his client's cause and is now attempting to quiet title to money that he appropriated more than seven years before the instant suit was brought and there is no showing that it is in existence or in possession of anyone. Constructive service will not suffice under such a state of facts. Morrison v. Connery, 56 S. D. 469, 229 N.W. 392.

Section 4895, Compiled General Laws of 1927, was the law governing constructive service in 1935 when this suit was instituted. No effort was made to perfect at the time but after a period of seven years, the attempt is made under the 1941 Constructive Service Statute. The latter act repeals and reenacts parts of the former act but provides that it shall not affect any proceedings, matter, or thing had, done,

begun, or pending before or at the time it became effective but that in all such pending proceedings the laws in force at the time the act takes effect may be pursued and followed. In our view, the 1941 Constructive Service Statute was intended to cover those causes arising or commenced subsequent to its effective date and that any cause instituted prior thereto be continued under the law in force at the time. It certainly would not permit one to file a bill and then wait seven years to attempt constructive service. This and other considerations shown by the pleading raise a question of good faith which we refrain from discussing because of the conclusion we have reached on the main question presented.

We therefore hold that the special appearance was good, that the question of jurisdiction was properly raised for the first time in this Court, that the appellant is a proper party to the cause, that the claim sought to be collected is a common law claim unsupported by a lien, and that the attempted constructive service was void for the reasons stated and because there was no res within the jurisdiction of the Court on which to base it.

We further hold that there was no basis whatever for a suit to construe the contract or for an accounting. It is as plain as the English language can make it and the pleadings raise no dispute as to interpretation. It gave Rorick the power to fix the compensation and unless the amount fixed by him is clearly arbitrary and unreasonable, that is the end of the matter. If it was not reasonable and sufficient, a personal action against appellants is the sole recourse and constructive service has no place in that.

The final decree was without jurisdiction and is reversed and vacated. The decree pro confesso and the purported constructive service are quashed.

BUFORD, C. J., TERRELL, THOMAS and SEBRING, JJ., concur.

BROWN, CHAPMAN and ADAMS, JJ., dissent.