## AKE v. CHANCEY.
### No. 11106.

Circuit Court of Appeals, Fifth Circuit.
April 10, 1945.

Rehearing Denied May 22, 1945.

Mánley P. Caldwell, of West Palm Beach, Fla., for appellant.

Carl A. Hiaasen, of Fort Lauderdale, Fla., for appellee.

Before SIBLEY, WALLER, and LEE, Circuit Judges.

PER CURIAM.

This suit involves a contract between an attorney and client whereby the client, or main party in interest, was given the right to fix the fees of the attorney. Considerable litigation ensued and in some cases collections were made for the client, but in other suits there was no demand for the recovery of money. The client fixed the fees at a percentage of the sums collected, with no direct compensation for the litigation in which no recovery or collection of money was involved. The attorney collected and kept, of the client's money, $23,777, which he claimed was in part payment of attorney fees which the client justly owed him for the legal services rendered in suits wherein there was no collection made. In this suit to recover these funds from the attorney the court below held (55 F.Supp. 660) that although the contract gave the client the right to fix his attorney's compensation, such client was required to fix a reasonable fee and could not arbitrarily fix the fees at nothing.

The Supreme Court of Florida, in another phase of the same litigation between the same parties, and relating to the same question of attorney fees (152 Fla. 677, 13 So.2d 6), likewise held that the client had the power to fix the compensation and the compensation so fixed would be binding unless the amount fixed was clearly arbitrary.

These conclusions of the lower court and of the Supreme Court of Florida that the client did have the right to fix the fees but that he could not be arbitrary and capricious in the matter of fixing such fees, are undoubtedly correct.

■ In the instant case the client fixed counsel fees at 6⅔% of the amount recovered on interest coupons, but the attorney asserts that this was capricious and unreasonable—the denial of which raised a question of fact. On the evidence presented the lower court held that the fee fixed was not reasonable, and that a reasonable fee would be a sum considerably in excess of the amount theretofore paid to, plus the amount retained and appropriated by, the attorney. It cannot be said that the finding of the lower court is without substantial support in the record.

■ It is true that the contract allowed the client to fix the fee, but implied in such contract was the obligation on the client to fix a reasonable fee, and while the court cannot make a new contract for the parties it had the right to determine whether the contract, as written, together with its necessary implications, had been complied with. Since there is substantial evidence to support the findings of the lower court they will not be disturbed.

The case is affirmed.

On Petition and Supplemental Petition for Rehearing.

PER CURIAM.

The original opinion of the Court was not intended to put the stamp of approval upon the action of appellee in not placing the $23,777 of his client's money safely in trust until the question of his fees was determined. The lower Court, after hearing the facts, has not only exculpated the defendant from evil purpose, but has held that he was entitled to said amount for compensation due him for services as an attorney. There is support in the record for the finding of the lower Court and we will not overturn it.

■ The insistence of counsel for appellant, in his supplemental petition for rehearing, that the lower Court should have required an accounting, under the facts in this case seems to be relatively unimportant since the failure of the defendant, in the present suit for an accounting, to demand by counter-claim any additional sums which he claimed in excess of that for which he was sued would, under Rule 13(a) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, preclude appellee from any further actions or demands for the recovery of any additional sum for services arising out of the transactions involved in the suit.

In order to correct inapt language in next-to-the-last paragraph in the original opinion it is amended to read as follows:

"In the instant case the client fixed counsel fees at 6⅔% of the amount recovered on interest coupons, but the attorney asserts that this was capricious and arbitrary—the denial of which raised a question of fact. On the evidence presented the lower Court held that the fee was arbitrarily fixed, and that a reasonable fee would be a sum considerably in excess of the amount theretofore paid to, plus the amount retained and appropriated by, the attorney. It cannot be said that the finding of the lower Court is without substantial support in the record."

The petition and supplemental petition for rehearing are hereby denied.