PEARSON, Judge.
The several appellants seek review of a final judgment declaring that the Miami Police Relief and Pension Fund, and the Miami City Employees Retirement System hold certain money in trust for the appel-lee, Theodora M. Baron, a divorced wife of Glenn L. Baron, a deceased police officer. The judgment finds that the appellee had established that her deceased ex-husband had by oral statements made a declaration of an express trust in the pension and retirement deposits credited to him. The deceased officer had been suspended from his position at the time the alleged trust was created, as a result of a criminal indictment which had been returned against him by the Dade County Grand Jury. We hold that an express trust in the funds is not established and reverse the judgment.
The appellants are: Marjorie Baron, the widow of the police officer; George W. Baron, Jr., the executor of the estate of Helen C. Baron, who was the designated beneficiary of all contributions paid into the Miami City Employees Retirement System ; the Miami City Employees Retirement System; and the Miami Police Relief and Pension Fund. The appellee is Theodora M. Baron, the beneficiary of the alleged express oral trust, and the person to whom immediate payment of the funds has been ordered.
The trial judge sets out the following findings in the judgment:

“The plaintiff, THEODORA M. BARON, was a former wife of Glenn L. Baron, now deceased, who for a number of years was a member of the City of Miami Police Department. Plaintiff and Glenn L. Baron were divorced from each other on September 1, 1966. Glenn L. Baron died April 4, 1970, but while serving with the City of Miami Police Department Baron accumulated benefits under the defendants MIAMI POLICE RELIEF AND PENSION FUND and the MIAMI CITY EMPLOYEES RETIREMENT SYSTEM. Having divorced the plaintiff, he was remarried to the defendant MARJORIE BARON. Baron’s mother, HELEN C. BARON, defendant, and his surviving spouse, MARJORIE BARON, defendant, ordinarily would have been the recipient of the res reserved in the respective funds.
“In April or May, 1967, Glenn L. Baron was in dire need of financial assistance for his defense against a criminal indictment returned by the Dade County *47 Grand Jury. Baron approached the plaintiff to advance him a substantial sum of money. She had accumulated cash savings over the years, which was known to Baron, and in response to Baron’s plea the plaintiff, at a pre-arranged meeting, met with Baron at a parking lot in Miami Springs, Florida, in company with her brother, and delivered over to Glenn L. Baron the cash sum of $16,500.00. The testimony of the witnesses substantiated this transaction. The defendants made no attempt to challenge or refute this transaction. However, at the time, Baron was not working for the City of Miami Police Department, but he assured the plaintiff that when had ‘cleared his name’ following his indictment he would return to the Police Department and retire, and he further assured the plaintiff that the retirement funds were ‘placed and would remain in trust’ for the protection of the plaintiff’s advance to him of $16,500.00.
“It would appear incredible that the plaintiff would advance this substantial sum on the verbal assurance that Baron would secure her repayment from both funds. Moreover, the plaintiff required no memorandum or note evidencing this transaction. However, evidence shows affirmatively the parties had been married a number of years; together they raised a family, and were on very good terms following their divorce. Baron evidently needed money, and immediately; the plaintiff succumbed to and fulfilled his request. The court finds from the evidence that the $16,500.00 was in fact delivered to Baron under the above described circumstances. Upon the death of her ex-husband Baron in April, 1970, the plaintiff learned she was not nor had ever been designated as beneficiary, or to have any other interest in either of the funds, for the defendant HELEN C. BARON had been designated beneficiary under the defendant MIAMI CITY EMPLOYEES RETIREMENT SYSTEM since 1947, and the defendant MARJORIE BARON, Glenn L. Baron’s widow, whom he married after divorcing the plaintiff in 1966, would benefit from the MIAMI POLICE RELIEF AND PENSION FUND, defendant herein.” iji ^ ifc
We think that the trust that the court finds must fail because the evidence is clearly insufficient to form a basis for recognizing such a trust. It is true that under existing law an express trust can be created and proved by parol. Columbia Bank for Cooperatives v. Okeelanta Sugar Cooperative, Fla.1951, 52 So.2d 670. See also Grapes v. Mitchell, Fla.1963, 159 So.2d 465; McCrory Stores Corporation v. Tunnicliffe, 104 Fla. 683, 140 So. 806 (1932); Bay Biscayne Co. v. Baile, 73 Fla. 1120, 75 So. 860 (1917); Fraser v. Lewis, Fla.App.1966, 187 So.2d 684. However, the courts of Florida have been cautious in recognizing trusts created entirely by parol. The rule that the evidence to establish such a trust must be clear, strong, conclusive, and unequivocal, has been stated and restated. See Columbia Bank for Cooperatives v. Okeelanta Sugar Cooperative, supra; Webster v. St. Petersburg Federal Savings & Loan Ass’n, 155 Fla. 412, 20 So.2d 400 (1945); McCrory Stores Corporation v. Tunnicliffe, supra; Williams v. McAdow, 103 Fla. 644, 137 So. 891 (1931); Fraser v. Lewis, supra; Sottile v. Mershon, Fla.App.1964, 166 So.2d 481.
Two deficiencies in the evidence appear to bar the trial court’s holding that the court may execute the oral promise to create a trust in the pension and retirement money held by the City of Miami. Initially, not only is the res of the proposed trust indefinite, but it is also incapable of being transferred. Secondly, the evidence of the oral promise to create a trust did not meet the test that such evidence must be clear, strong, conclusive, and unequivocal.
When a settlor attempts to create a trust, his action must apply to an interest recognized by equity as being capable of ownership and transferability. While it is true that virtually every kind of valuable *48 property capable of being transferred may be utilized as a trust res, if the trust res is not clearly identifiable, the trust must fail. A court of equity will not recognize an indefinite or uncertain res. Bay Biscayne Co. v. Baile, supra; Floyd v. Smith, 59 Fla. 485, 51 So. 537 (1910); Lines v. Darden, 5 Fla. 51 (1853). This principle of the law of trusts is discussed with particular relevance to the case at bar in Bay Biscayne, supra, as follows:
******
“This court heretofore had occasion to discuss the subject of the creation of valid trusts, and in Lines v. Darden, 5 Fla. 51, text page 72, said that:
‘To constitute a valid trust, three circumstances must concur: Sufficient words to raise it; a definite subject; and a certain and ascertained object.’
“This court uses the same language in the case of Floyd v. Smith et al., 59 Fla. 485, 51 South. 537, 37 L.R.A. (N.S.) 651, 138 Am.St.Rep. 133, 21 Ann.Cas. 318. The same doctrine is also laid down in 39 Cyc. p. 34, wherein it quotes the exact language of this court in the two cases above mentioned. Cyc. proceeds further to say that:
‘It would seem, however, that the elements of an express trust, as distinguished from the acts or words necessary to create, are the same as those of all trusts, and consisting of a trust res or subject-matter, and the holding of the legal title of that property by one person for the benefit of another, while the matters requisite to create such a trust are a sufficient declaration of trust, evincing an intention to create a trust and setting out the trust property, terms, and parties with reasonable certainty.’ 39 Cyc. p. 34, and also notes.
“In order to constitute the trust there must be sufficient words to create it.” (Emphasis supplied)

In the case at bar, the words allegedly identifying- the trust res were elicited from the appellee on oral deposition. She was questioned by her own attorney, resulting in the following exchange:

“Q. What did you understand him to mean by that, the money would be placed in trust for you ?
“A. He told Ted and I that the money would he placed — was there for me until he took the money from the City.
“Q. I see.
He told you at the time you handed him the $16,500.00 that he already had an amount equal to this that was in trust for you that was with the City ?
“A. He told me that everything he had was in my name and would stay in my name, had stayed in my name since the divorce, and that it would stay there as a trust until he took the money and would give it back to me, and that there was more than enough for this.”

As we have already indicated, a trust res must be clearly identifiable before a court of equity will breathe life into mere spoken words. The trial court found the trust res to consist of the pension funds to which the appellee’s deceased ex-husband might become entitled at some future date. The property simply does not constitute a sufficiently definite subject matter. In Gough v. Satterlee, 32 App.Div. 33, 52 N.Y.S. 492 (1898), this point has been succinctly delineated in the following words:
* * * * * *
“A subject or corpus of a trust estate is absolutely essential, not merely to the validity of a trust, but to its existence. Courts will supply a trustee; in England, at times, under the cy pres power, they will select beneficiaries; but in no country will they furnish a trust estate.” (Emphasis supplied)
******
*49 The deceased ex-husband had been suspended from the police force at the time he allegedly spoke the words creating the trust. He did not have control of the uncertain, indefinite res. A present ability to dispose of the property that constitutes the trust res is a prerequisite before a valid trust may be created. See Webster v. St. Petersburg Federal Savings & Loan Ass’n, supra; 2 Bogert, Trusts and Trustees §§ 112, 114; 54 Am.Jur. Trusts § 34; 33 Fla. Jur. Trusts § 11.
The property that the deceased officer is held to have transferred is the subject of special concern by legislative enactment. Fla.Stat. § 185.25, F.S.A., “Exemption from execution”, provides as follows:
“The pensions, annuities, or any other benefits accrued or accruing to any person under the provisions of this chapter and the accumulated contributions and the cash securities in the funds created under this chapter are hereby exempted from any state, county or municipal tax of the state and shall not be subject to execution or attachment or to any legal process whatsoever and shall be unas-signable.”
See State ex rel. Holton v. City of Tampa, 119 Fla. 556, 159 So. 292 (1934); Tyler v. Akerman, 85 Fla. 485, 96 So. 838 (1923). Also see City of San Jose v. Forsythe, 261 Cal.App.2d 114, 67 Cal.Rptr. 754 (1968). The Miami Police Relief and Pension Fund, which is entirely funded by contributions furnished by the State of Florida, and the Miami City Employees Retirement System, which is chiefly funded by employee contributions, both hold retirement funds under the protective umbrella of this statute. The inviolability of funds held by a municipal retirement system is supported by a ruling of the Florida Supreme Court in the case of Ake v. Chancey, 152 Fla. 677, 13 So.2d 6 (1943), where, in an action of equitable garnishment against a city, the Court held as follows:

“In our' view the alleged equitable garnishment was void. Cobb v. Walker, 144 Fla. 600, 198 So. 324, and Williams v. T. R. Sweat & Co., 103 Fla. 461, 137 So. 698, foreclose this question. These cases were disposed of on the theory that equitable garnishment contemplates a cause cognizable in equity and has no application to a mere legal claim. It cannot apply where the amount claimed is unliqui-dated, is in dispute, or is uncertain. It is likewise invalid as against a municipality. Tyler v. Akerman, 85 Fla. 485, 96 So. 838; Armstrong Grocer Co. v. Smith-Alford Sign Service, Inc., 101 Fla. 668, 132 So. 696.”
******
City of Miami Ordinance No. 6558, creates the Miami Police Relief and Pension Fund. This ordinance, promulgated pursuant to Fla.Stat. Chapter 185, F.S.A., provides in Section 14 as follows:
“Section 14 — Benefits: Sub-Section B —If a Participant shall die while a member of the Police Department, the entire amount of his credit, as of the date of his death shall be paid to the surviving wife, primarily for the purpose of defraying final illness and burial expenses.”
Thus, it is clear that the ordinance specifically provides that if a participant shall die while a member of the Miami Police Department, the entire amount to his credit shall be paid to his surviving wife as a widow’s benefit. The appellant, Marjorie Baron, as the surviving wife of the participant, Glenn L. Baron, and by the terms of Section 14, is entitled to the entire amount to his credit that is on deposit with the Miami Police Relief and Pension Fund.
The order appealed from provides in essence that the portion of the funds earmarked for the payment of death benefits and expenses of the last illness cannot be assigned, but all funds remaining above *50 these expenses may be subject to assignment and pledged by a participant.[1]
Pension funds such as those on deposit and held by the Board of Trustees of the Miami Police Relief and Pension Fund are public funds and as such cannot be assigned by a participant. See State ex rel. Holton v. City of Tampa, supra.
In effect, then, the trial court is attempting to create a constructive trust when sufficient basis to establish an express oral trust is not available.[2] The supposed trust rests entirely upon the testimony of Theodora Baron, the person who seeks to benefit from the creation of the trust, and her brother. “In order to constitute the trust there must be sufficient words to create it.” Bay Biscayne Co., supra. There are no corroborative circumstances. The advance by the appellee was in cash to a person deceased at the time of the trial. The meeting occurred in a parking lot at night. The sole witness was appellee’s brother. The appellee took no receipt for the large sum of money.
The trial judge in his findings states that the circumstances are “incredible”, but he accepts them because they are unrefut-ed. It may be observed that the testimony concerning the “incredible” circumstances of a secret meeting and a cash transaction cannot be readily refuted. We think that the trial judge applies a mistaken rule of law when he finds the testimony sufficient to establish a trust. If the court establishes a trust out of uncorroborated parol testimony, it will take property from the lawful holder solely because of unsubstantiated words.
We hold that the attempted deduction of the portion of the res “for the purpose of defraying final illness and burial expenses” is invalid. It is prohibited by the very provision of the law of trusts which requires that the res be “definite”. Lines v. Darden, supra. It is further invalid because just as the prohibition against assignment by the police officer extends to the funds assigned to funeral expenses, so it must extend to the entire sum of both pension funds, part of which sum was contributed by the police officer from his salary, and part of which sum was collected from the public as taxes to be paid to his widow.
The judgment is reversed.

. The judgment appealed distinguishes between the pension funds sought to be assigned to the appellee as follows :

“1. That the defendants determine the exact amount of each fund which has accumulated and advise counsel for the plaintiff within ten days from date of signing of this judgment.
“2. That defendant MARJORIE BARON shall determine the amount expended for the ‘last illness and burial expense’ for the deceased and advise counsel for the plaintiff within ten days of the signing of the final judgment. If this not determinable without eviden-tiary hearing, then the parties are directed that a hearing be noticed for that purpose.
“3. Plaintiff shall deduct the amount of ‘last illness and burial expenses,’ as determined in the foregoing paragraph, from the Miami Police and Relief Pension Fund, add this net amount to those funds accumulated in the Miami City Employees Retirement System, and with this figure as a denominator, and the amount of each fund as a numerator determine the proportion each fund is to pay to plaintiff in discharging the $16,500.00 trust determined herein; and the defendants MIAMI POLICE RELIEF AND PENSION FUND and MIAMI CITY EMPLOYEES RETIREMENT SYSTEM are hereby directed to pay over to the plaintiff such monies as are found to be due her.”

. * * * * *
“This is a case of inequitable and unjust enrichment muring to the deceased Glenn L. Baron and ultimately to his beneficiaries and not to the plaintiff. It would be inequitable and unconscionable, and clearly against all principles of equity that anyone but the plaintiff receive the fund monies held by the defendants MIAMI CITY EMPLOYEES RETIREMENT SYSTEM and MIAMI POLICE RELIEF AND PENSION FUND to the extent up to $16,500.00.”
$ $ $ >!< *