275 So.2d 519 (1973)
Theodora M. BARON, Petitioner,
v.
W.R. BAILEY, Chairman of the Miami City Employees Retirement System and Pension Board, et al., Respondents.
No. 43084.
Supreme Court of Florida.
February 28, 1973.
Rehearings Denied April 11, 1973.
Joseph J. Gersten and Stephen L. Raskin, Miami, for petitioner.
Alan H. Rothstein, City Atty., and Robert F. Clark, Asst. City Atty., K. Neil Glassford, Miami, William F. Fann, Jr. of Yates & Fann, Miami Shores, and George L. Onett, Miami, for respondents.
PER CURIAM.
Certified question[1] from the Third DCA, reported at 269 So.2d 45 (1972), brings for review the following proposition:
Whether or not funds contributed to a pension and retirement fund are exempt, under section 185.25, Florida Statutes, from being reached in an equity proceeding after they have come into the possession of the beneficiary or his personal representative.[2]
This case is a postlude to the career of the late Miami Police Captain Glenn L. Baron who finally cleared his good name *520 in the investigations and indictment against him, only to pass on before he could reap the benefits of his success. Captain Baron was able to conduct the prolonged and expensive fight to clear all charges against him by virtue of the $16,500 which is the subject of the present action. This is the sum advanced to him by his wife, Theodora, from whom he had just been divorced a few months earlier but with whom he remained on friendly terms. There was still a cordial relationship between them and with the two children of their marriage of 20 years. Baron expressed concern over the possible effect upon their children of the pending charges. It was in this relationship that the advance was made by appellant to her recent husband.
This large sum represented petitioner's (Theodora's) life savings which her former husband then urged her to lend to him upon the express inducement and condition precedent that Baron's pension fund monies with the City Employees' Retirement System and Police Relief and Pension Fund would be in trust for petitioner for her loan. He represented to her, in fact, that his interest in both funds was in her name and was for her and that these proceeds would be more than enough to repay the money advanced to him upon this condition; that the pension money would be in trust for her and would stay in her name until claimed for her benefit. Baron further represented that he was going to retire from the Miami Police Department and that upon his retirement the money in both funds would be more than enough to repay the money which he urgently needed at that time from her. All of this was stated to petitioner by Baron at a specific meeting and before a witness who corroborated these facts which are unrefuted.[3] As it turned out, the funds were not in petitioner's name but the beneficiaries were his new wife, Marjorie, one of the respondents, and his mother, another respondent, since deceased.
In these express circumstances, the trial judge was eminently correct in impressing a trust upon these funds (res) to the extent of the amount loaned in reliance upon the representations that petitioner had an interest in such proceeds which were obviously the only ones to which the lender could have looked for satisfaction and without which she otherwise would not have advanced the needed monies.
We recognize the sanctity of such pension funds and continue to hold strictly to Fla. Stat. § 185.25, F.S.A., which prevents the reaching of such funds by garnishment, attachment or other such legal process. This is not a case of garnishment as in Ake v. Chancey, 152 Fla. 677, 13 So.2d 6 (1943), and Tyler v. Akerman, 85 Fla. 485, 96 So. 838 (1923), and like cases. In these particular equitable circumstances, "within the family" in a sense, where there was a clear fiduciary relationship between them, the trust thus imposed will be recognized in these limited circumstances.[4] To do otherwise would work an injustice and deprive the petitioner of repayment of her loan, to the unjust enrichment of other beneficiaries, and contrary to the expressed designation and intention of the deceased for this application of such funds.
Certiorari is accordingly granted and the cause is remanded, with instructions to reinstate the final judgment.
It is so ordered.
*521 ADKINS, Acting C.J., McCAIN and DEKLE, JJ., and SPECTOR, District Court Judge, concur.
BOYD, J., dissents with opinion.
BOYD, Justice (dissenting):
I respectfully dissent.
The majority opinion conflicts with Florida Statutes § 185.25[1], F.S.A., which specifically provides that trust funds of municipal police officers are not subject to execution or attachment "or to any legal process whatsoever and shall be unassignable."
When the former wife of Glenn L. Barron loaned him money to use for purposes of litigation he promised she would be repaid from his retirement pension funds held in trust by the City of Miami. Although her economic support is commendable the attempted assignment contrary to the Statute should not be condoned. Although she was his former wife, she was simply a claimant who is a creditor of his estate. Adoption of the majority opinion would establish a dangerous precedent which could destroy the immunity specifically given by the Statute. Each creditor claiming against police pension funds would try to show an equitable relationship with the person for whom the funds will have been accumulated. The funds are either assignable or "unassignable." The Florida Legislature has clearly enacted the above statute saying they are "unassignable." If the law needs changes or exceptions engrafted into it, the Legislature should do it. It is not within the constitutional authority of this Court to do so.
NOTES
[1] Fla. Const. art. V, § 3(b)(3) (1973), F.S.A.
[2] Literally the physical possession has not yet gone over from the two funds in question because of the trial court's restraining order but the question as submitted in this posture is necessary to reach the essential issue involved.
[3] Some of these circumstances were related in a proffer at the trial, but it is inherent in the trial court's final judgment and findings that the trial judge decided to accept this part of the corroborated proofs. Two of the three district judges affirmed the sufficiency of the evidence to support the judgment.
[4] See Williams v. Grogan, 100 So.2d 407 (Fla. 1958); Grapes v. Mitchell, 159 So.2d 465 (Fla. 1963).
[1] "185.25 Exemption from execution The pensions, annuities, or any other benefits accrued or accruing to any person under the provisions of this chapter and the accumulated contributions and the cash securities in the funds created under this chapter are hereby exempted from any state, county or municipal tax of the state and shall not be subject to execution or attachment or to any legal process whatsoever and shall be unassignable."