## PILLOIS v. BILLINGSLEY.

United States District Court
S. D. New York.

April 19, 1949.

Holthusen & Pinkham, New York City (Spencer Pinkham and Wm. F. Purcell, New York City, of counsel), for plaintiff.

Goldwater & Flynn, New York City (Monroe Goldwater and Milton Small, New York City, of counsel), for defendant.

COXE, District Judge.

By the letter agreement of July 9, 1947, the plaintiff was employed by the defendant for the purpose of "obtaining from La Societe Le Galion a long term exclusive representation of S. A. Le Galion perfumes in the United States of America and elsewhere in the Western hemisphere in the name of Cicogne, Inc. * * *" (a corporation controlled by the defendant). This letter agreement further provided that the plaintiff's compensation for such services "shall be such sum as you (defendant), in your sole judgment, may decide is reasonable."

The plaintiff went to France and returned with a contract giving Cicogne Inc., exclusive representation in the United States, Alaska, Puerto Rico, Hawaii and the Philippine Islands for the Le Galion perfumes for a term of 99 years. The defendant has refused to pay the plaintiff anything for his services; in fact, he testified that he gave no consideration to giving the plaintiff any compensation whatever.

The plaintiff sues to recover the reasonable value of his services, which he testified were worth $100,000. He produced two expert witnesses, one of whom testified that the reasonable value of the services was $50,000 and that the contract was worth a great deal more than that amount. The other testified that the contract was worth to the defendant "perhaps $25,000., perhaps more than that." The defendant offered no evidence as to the value of the services.

■ The defendant insists that the letter agreement of July 9, 1947, is too indefinite to be enforced. I disagree. The letter agreement clearly constituted a contract of employment, and by its terms the defendant was obligated to fix a reasonable compensation; he could not arbitrarily fix the compensation at nothing. Ake v. Chancey, 5 Cir., 149 F.2d 310. See also Von Reitzenstein v. Tomlinson, 249 N.Y. 60, 162 N.E. 584.

■ The defendant's argument that the contract which the plaintiff brought back was less favorable in its provisions than an existing contract which Cicogne, Inc. had

with Le Galion is irrelevant, for Cicogne, Inc. has accepted the new contract and is now operating under it.

The plaintiff is entitled to recover the reasonable value of his services. I think, however, that the two figures mentioned in the testimony, namely, $100,000 and $50,000, are excessive. The contract was a favorable contract for Cicogne, Inc.; it ran for a fixed period of 99 years, instead of an initial period of 3 years with an automatic renewal for 5 years, and further renewals thereafter subject to termination by either party, as appeared in the existing contract; it changed the basis for calculating the minimum amount of perfumes required to be purchased in any year from francs to ounces, which for a long term contract would seem to be advantageous to Cicogne, Inc.; and it contained provisions permitting Cicogne, Inc., to manufacture, under specified contingencies, the perfumes in this country under the Le Galion formulae. The plaintiff was absent only about three weeks on his trip, the defendant paid him $1,200 to cover his expenses, and upon his return he was paid a salary of $1,000 per month by Cicogne, Inc., which included the period he was away. Under all of these circumstances, I find that the reasonable value of plaintiff's services in obtaining the contract is $6,000.

There may be a judgment in favor of the plaintiff for $6,000 with interest from August 1, 1947, together with costs.