CHARLES J. WILLIAMS, JR., *Appellant*, vs. T. R. SWEAT & COMPANY, a corporation, T. J. KNABB, W. L. MARRITT and A. J. RAULERSON, *Appellees*.

137 So. 698.

En Banc.

Opinion filed November 12, 1931.

462

*Joe Hill Williams,* Attorney for the Appellant;
*Baker, Baker & Rutherford* and *Martin Sack,* Attorneys for the Appellees.

BROWN, J.—This appeal was taken from an order of the Circuit Court of Baker County granting a motion of the defendant in a lien foreclosure suit to dissolve certain writs of garnishment issued ancillary thereto. The main question presented here for determination is whether or not a court of equity may before a final money decree is obtained issue a writ of garnishment ancillary to a bill filed to foreclose a contract or statutory lien.

It appears that appellant, as complainant below filed his bill of complaint alleging an indebtedness due him of $2507. from defendant, appellee here, for certain timbers cut from complainant's land pursuant to a written contract made between the parties to this suit. The bill in terms claims a lien under the terms of the contract in favor of complainant upon certain lumber, machinery and equipment of the defendant located upon the property and in addition a statutory materialman's lien upon the lumber, and prays for a foreclosure of such liens and sale thereunder. It also alleges that the defendant is

unable to respond in damages and that any judgment recovered against the defendant in an action at law could not be collected. The bill prays that complainant's lien be decreed a first lien upon the sawmill, lumber, skidder and other equipment located on the land and that in the event such property shall not at foreclosure sale, sell for a sufficient sum to satisfy complainant's claims that the court decree that the defendant shall pay the deficiency and that in event the court shall determine that complainant has no statutory or mortgage lien upon the lumber described that the court will adjudge and decree that the title to said lumber is in complainant and shall so remain until such time as the claims of complainant are satisfied in full. There is also a general prayer for relief.

Upon filing the bill, complainant procured writs of garnishment which were served upon garnishees named. The defendant in the principal suit thereupon filed its motion for dissolution of the garnishment which was granted by the court and it was from this order granting the dissolution that appeal was entered.

Appellee insists that a court of equity has no jurisdiction to issue a writ of garnishment ancillary to a bill in chancery to foreclose a contract or statutory lien before final money decree is entered in the foreclosure suit; also insists that since the repeal in A. D. 1927 of Chapter 7839, Laws of Florida, 1919, providing for deficiency decrees in lien foreclosure suits in chancery, there is no authority to enter such a decree. Section 5751, Compiled General Laws of Florida, 1927, (Amended by Chapter 13625 Laws of 1929).

It appears that even if writs of garnishment could be issued as ancillary to suits in equity, the writs issued in this case were properly dissolved by the court below for the reason that there is a contingency as to the amount due and also uncertainty as to whether anything will be due after the foreclosure and sale prayed for. But we

think the ruling of the court below should be affirmed for the further reason that writs of garnishment cannot be issued in this State as ancillary to suits in equity except within the narrow limits provided by section 5003 Comp. Gen. Laws, which appears to be the only form of ''equitable garnishment'' recognized by our statutes. It is, of course perfectly plain that the garnishments here involved were not equitable garnishments within the meaning of section 5003 Comp. Gen. Laws. Garnishment is purely statutory and there is no provision for it in equity causes under section 5299 Comp. Gen. Laws, nor under section 5284 Comp. Gen. Laws; at least until after ''judgment shall have been recovered'', which latter clause of Sec. 5284 is not applicable here, and not necessary to be interpreted. The initial clause of the statute, ''Every person who shall have brought a suit to recover a debt,'' evidently cannot apply to suits in chancery, for a suit merely ''to recover a debt'' cannot be brought in an equity court. Gentry v. Gentry-Futch Co., 106 So. 473, 90 Fla. 595; Willis v. Fowler, 136 So. 358; and cases cited in Florida Digest, Vol. 1, pp. 775-777. Such suits or actions must be brought at law, so that the constitutional right to trial by jury shall be preserved. And equity has no jurisdiction of such suits, there being an adequate remedy at law.

Furthermore, since the repeal in 1927 of chapter 7839, Laws of 1919, which was before this cause of action arose, the chancery court has been without authority to enter any deficiency decree in this kind of a case, as pertains to the alleged statutory lien, even though a deficiency should have appeared to exist after the foreclosure of the lien set up in the bill. This being true, in so far as the bill sought a foreclosure of a statutory lien, there was no basis whatever for the issuance of the writs of garnishment, as ancillary to a possible future deficiency decree in that respect which the court had no authority to

enter. And as to the alleged mortgage feature of the contract, whether any deficiency decree would be rendered at all, and if so, the amount thereof was contingent and uncertain.

Section 5382 Comp. Gen. Laws gives to a party having a statutory lien under the provisions of that chapter, of which the section designated forms a part, an election of several remedies for the enforcement of such a lien. He may enforce such a lien by a bill in equity, or by an ordinary suit at law and by levy of the execution obtained upon the property on which the lien is held, or, by following the provision of paragraph 4 of said section 5382, he may in such action at law also obtain a personal judgment against the defendant in addition to the declaration of lien, and thus proceed by execution against the property generally of the defendant. Or, he may under paragraph 5 of said section pursue the special remedy ''by petition for enforcement of lien.'' But if the party elects to proceed by a bill in equity, he must be governed by equitable procedure.

There being no statutory authority for the issuance of writs of garnishment, ancillary to pending chancery suits, the court was eminently correct in granting the motion of the defendant to dissolve the writs issued in this case.

Garnishment is considered to be a legal as distinguished from an equitable proceeding (6th Pomeroy Eq. Juris. 877, 28 C. J. 19) and, as heretofore said by this court, being purely statutory, it should not be pushed in its operation beyond the statutory authority under which it is resorted to. Duval County v. Charleston Lumber Co., 45 Fla. 256, 33 So. 531.

It would seem therefore that from whatever standpoint the question presented is approached, the action of the court below in dissolving the writs of garnishment was correct and should be affirmed.

It is so ordered.

Buford, C.J., and Whitfield, Ellis, Terrell and Davis, J.J., concur.