196 So.2d 25 (1967)
Willie ELVINE, Mindy Elvine, and Joseph Miller, Frederic B. Miller and Joseph Massey, a Partnership d/b/a Miami Provision Company, Appellants,
v.
PUBLIC FINANCE CO., a Florida Corporation, Appellee.
No. 66-680.
District Court of Appeal of Florida. Third District.
February 28, 1967.
Rehearing Denied March 22, 1967.
Verne L. Freeland, Miami, for appellants.
Kneale, Roberts, Kneale & Starkweather, Miami, for appellee.
Before HENDRY, C.J., and PEARSON and CARROLL, JJ.
PEARSON, Judge.
This is an appeal by the judgment debtor, Willie Elvine, and the garnishee, Miami Provision Company, from a default judgment against the garnishee. The question presented is whether the trial court properly entered judgment against the garnishee when there was pending an affidavit by the debtor for exemption of wages from garnishment. The affidavit was made pursuant to § 222.11 Fla. Stat., F.S.A. and was filed 15 days before the entry of the judgment appealed. We hold the judgment was erroneously entered and reverse.
The affidavit for garnishment after judgment was filed May 19, 1966, and the writ served May 20th. The garnishee responded with a letter to the Clerk denying the existence of any indebtedness to Elvine. Appellee moved for the entry of a default *26 upon the ground that no answer under oath, as required by § 77.04 Fla. Stat., F.S.A., was filed. This motion came on for hearing on July 7th at which time garnishee tendered to the court an amended answer. On July 8th the following pleadings were filed: (1) motion to dissolve garnishment; (2) affidavit for exemption under § 222.12 Fla. Stat., F.S.A. These pleadings were served upon the garnishor with a notice of hearing for July 20th on the motion to dissolve garnishment.
An order granting default against the garnishee was entered on July 11, and on July 21st an order was entered denying the motion to dissolve garnishment. On the same day the default judgment was entered. It is from this judgment that this appeal is taken.
Appellee urges that as soon as his motion for default was heard it merged with the garnishment proceeding, and therefore the debtor's affidavit of exemption did not affect the garnishee's default. This reasoning does not stand when one considers that the motion for default grew out of the garnishment action. The default should fall when grounds are shown for an exemption from garnishment. It is sufficient to point out the language of § 222.12 Fla. Stat., F.S.A., providing for proceedings for exemption of wages from garnishment: "* * * and if the facts set forth in such affidavit are not denied under oath within two days after service of said notice, the process shall be returned, and all proceedings under the same shall cease." It should also be noted that the affidavit for exemption was filed one day after the hearing on the motion for default, and three days prior to the order granting default.
The facts set forth in the affidavit were not denied. The affidavit was served upon the "party who sued out the process". Therefore the appellee, garnishor, was not entitled to proceed further in the action except by filing the statutory denial and seeking trial thereon.
Appellee's argument that the garnishor should not have the benefit of the affidavit is unavailing.
Its reliance upon the language in Ser-Nestler, Inc. v. General Finance Loan Company, Fla.App. 1964, 167 So.2d 230, is misplaced. In that case the contention for the exemption was made by the garnishee. Here we have the affidavit of the debtor.
The exemption is for the benefit of the debtor, and its benefit may only be accorded to him by the statutory termination of the proceedings. Exemption statutes should be liberally construed in favor of the debtor. The very purpose of the statute is to preserve to the unfortunate debtor and his family a means of living without becoming a charge upon the public. See Patten Package Co. v. Houser, 102 Fla. 603, 136 So. 353 (1931); Farland Loan & Savings Co. v. Pittman, 108 Fla. 442, 146 So. 554 (1933); Slatcoff v. Dezen, Fla. 1954, 76 So.2d 792.
Reversed and remanded with directions to quash the writ of garnishment.