PEARSON, Chief Judge.
This is a revised opinion issued pursuant to appellee’s petition for rehearing. Ap-pellee’s petition pointed out certain errors in our statement of the facts of the case which have been corrected by this revised opinion.
The question to be determined on this appeal is whether it was error for the trial court to refuse to consider a claim of exemption from garnishment under F.S. § 222.11, F.S.A. This section together with F.S. § 222.12, F.S.A. provides for an exemption of wages from garnishment for the head of a family. The sections are as follows:
“222.11 Exemption of wages from garnishment — No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.
“222.12 Proceedings for exemption— Whenever any money or other thing due for labor or services as aforesaid is attached by such process, the person to whom the same is due and owing may make oath before the officer who issued the process that the money attached is due for the personal labor and services of such person, and he is the head of a family residing in said state. When such an affidavit is made, notice of same shall be forthwith given to the party, or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within two days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued, in like manner as claims to property levied upon by writ of execution are tried, and the money or thing attached shall remain subject to the process until released by the judgment of the court which shall try the issue.”
The question arose in the following manner. Appellant, Stoller, was sued by his landlord, Hernandez. The landlord recovered a judgment. After judgment the plaintiff, who is appellee here, filed a motion for writ of garnishment to be issued to one Israel Maryl. The writ was issued and served. Thereafter, a default was entered against the garnishee, Maryl, for the amount of appellee’s judgment. A motion to set aside the final judgment on garnishment pursuant to terms of rule 1.540, Florida Rules of Civil Procedure, 31 F.S.A. was filed and denied. Thereafter, *49 appellant, Stoller, (defendant in the original suit) filed a motion to dissolve the garnishment and an affidavit alleging that he is the head of a family and that the writ of garnishment was issued in violation of F.S. § 222.11, F.S.A. The trial judge denied the motion to dissolve and this appeal followed, We reverse.
The section providing for exemption for the head of a family of his wages from garnishment expresses a public policy of the State of Florida and must be liberally construed in order to effect the purpose of the statute which is to preserve to the unfortunate debtor and his family a means of living without becoming charges upon the public. See Elvine v. Public Finance Co., Fla.App.1967, 196 So.2d 25, and cases cited therein.
Even though the affidavit for dissolution in this case was not made until approximately six months after the entry of the default against the garnishee, it was made only four days after the entry of the judgment in garnishment, therefore it may well have been made as soon as the appellant, Stoller, was informed of the garnishment which purported to deprive him of the means to support his family. In the absence of unreasonable delay in the assertion of the exemption provided by the statute, the trial judge should not have denied the motion to vacate.
We hold that the trial judge erroneously denied the motion to dissolve garnishment and this cause is remanded with directions to set aside the judgment appealed and to conduct an evidentiary hearing to determine the factual basis for appplication of the statute.
Reversed and remanded.