## EAGLE FINANCE v. CARTER, et ux.
### No. 75-9929-SP.
County Court, Palm Beach.

July 15, 1976.

Donald C. Sinclair, West Palm Beach, for the plaintiff.

Eugene E. Shuey, Lake Worth, for the garnishee.

DANIEL T. K. HURLEY, Judge.

This cause came on for hearing before the court upon defendant's filing an affidavit in which he alleges that the funds sought to be garnished herein are exempt because he is the head of the household and thus is eligible for the exemption under Florida Statute 222.11, and also because the funds are disability income benefits which are exempt from garnishment under Florida Statute 222.18. From the testimony and evidence at the hearing the court finds —

1. Defendant is the head of a family residing in this state. Florida Statute 222.11.

2. The moneys in defendant's bank account come from two sources — (a) a check received as a result of a workmen's compensation claim, and (b) a check for $160 received as a result of an insurance policy guaranteeing payment of the policy holder's mortgage during the term of his illness and recuperation.

From the foregoing, the court reaches the following —

## CONCLUSIONS OF LAW

It is undisputed that workmen's compensation benefits fall within the purview of §222.18. The question is whether mortgage payment benefits fall in the same category. The court concludes they do. While there is a dearth of case authority construing Fla. Stat. 222.18, the courts have offered guidance as to the underlying policy and interpretation of similar statutes.

"The section providing for exemption for the head of a family of his wages from garnishment expresses a public policy of the State of Florida and must be liberally construed in order to effect the purpose of the statute which is to preserve to the unfortunate debtor and his family a means of living without becoming charges upon the public."
*Maryl v. Hernandez*, 254 So.2d 47 (Fla. 3d DCA 1971)

It seems beyond question that the same policy of liberal construction should apply to statutes protecting benefits accruing to the defendant because of his inability to work, as would apply to exempt wages from work. If anything, defendant and his family are more vulnerable at this time and in need of greater protection.

Defendant would not receive the mortgage payment benefits but for (1) the existence of a verified disability which prevents him from working and supporting his family and (2) the existence of an insurance policy for this explicit purpose. Thus the mortgage payment benefits constitute "disability income benefits" from "insurance" and are exempt from garnishment by virtue of Florida Statute 222.18.

Accordingly, it is ordered and adjudged that the writ of garnishment is dissolved, and that the deposit for attorney's fee made herein be paid over to the garnishee.