358 So.2d 541 (1978)
The MIAMI HERALD PUBLISHING COMPANY and John H. Payne, Petitioners,
v.
Judith PAYNE, Respondent.
No. 51835.
Supreme Court of Florida.
March 9, 1978.
Rehearing Denied June 5, 1978.
*542 Francis E. Holden, Jr., Hialeah and Joseph P. Klock, Jr. of Steel, Hector & Davis, Miami, for petitioners.
Robert M. Brake, Coral Gables, for respondent.
ENGLAND, Justice.
By petition for writ of certiorari to the Third District Court of Appeal, we are asked to review a decision of that court obligating the Miami Herald to remit to Judith Payne's attorney a portion of its wage payments to one of its employees, John Payne.[1] Judith's attorney had represented her in proceedings to dissolve the Paynes' marriage and to enforce child support obligations under a dissolution order which required John to pay Judith's attorney's fee. When John failed to pay the attorney's fee, Judith's attorney initiated garnishment proceedings under Chapter 77, Florida Statutes (1975), against John's employer, the Miami Herald. The Herald admitted indebtedness to John for $360.03 of disposable earnings, but asserted as a defense that John was a resident head of household whose wages were entirely exempt from garnishment.[2]
Pursuant to the garnishment exemption statute, John filed a verified affidavit to establish his exemption as a resident head of household.[3] The effect of filing this affidavit was to require Judith or her attorney to controvert John's claim for head of household status, under oath, within two days, failing which the garnishment proceeding would by operation of law be terminated.[4] No controverting affidavit has ever been filed. Rather, Judith's attorney timely filed an unsworn motion challenging John's exemption on the ground that the amounts due fell within the statutory exception to garnishment exemption for support orders, Section 61.12, Florida Statutes (1975), and requesting judgment against the Miami Herald. This motion eventually came before the trial judge for a hearing, which counsel for the Miami Herald did not attend. Events at that hearing formed the basis for the district court's decision that John's and Judith's attorneys entered into a stipulation for a continuous wage assignment which was binding on the Miami Herald.[5]
*543 In its decision the Third District Court of Appeal did not address the Miami Herald's contention that the garnishment proceeding had terminated at the expiration of the time within which Judith or her attorney was required to controvert under oath John's claim for head of household exemption. The point was properly preserved throughout the course of litigation, however, and we find it to be dispositive of this case. Section 222.12, Florida Statutes (1975), expressly states that if facts contained in the affidavit claiming exemption are not timely denied under oath, "the process [meaning the writ of garnishment] shall be returned, and all proceedings under the same shall cease."
The Third District Court of Appeal has previously held that Section 222.12 must be strictly construed in favor of the debtor. Elvine v. Public Finance Co., 196 So.2d 25, 26 (Fla.3d DCA 1967).
"The exemption is for the benefit of the debtor, and its benefit may only be accorded to him by the statutory termination of the proceedings."
We agree,[6] from which it follows that all proceedings under the writ of garnishment terminated by operation of law upon the expiration of the time for filing a sworn denial to John's affidavit. Upon that occurrence the trial court had jurisdiction only to return the writ of garnishment to Judith's attorney; it was without authority to continue the proceeding and enter a judgment against the Miami Herald.
Since the petition for certiorari in this case was filed both by the Miami Herald and by John Payne, the question arises whether John benefits from the termination of the garnishment proceeding against the Miami Herald. We think that he does. It seems clear that a judicial proceeding begun on a writ of garnishment retains no vitality for any purpose when the initial process in the suit is returned and the proceeding by law has been mandated to "cease". The trial court surely lacks the authority at that juncture to convert the original proceeding against the garnishee into an equity action against the garnished debtor. See Williams v. T.R. Sweat & Co., 103 Fla. 461, 137 So. 698 (1931).
It may be that Judith's attorney will be required to seek successive writs of garnishment against John's creditors, or that he will need to inaugurate a different form of litigation to enforce his judgment. Nonetheless, it is clear on this record that the proceeding he brought against the Miami Herald to garnish John's wages was terminated by operation of law when he failed to comply with the statutory directive for defeating a debtor's garnishment exemption.
The decision of the Third District Court of Appeal is quashed, and this case is remanded for further proceedings consistent with this opinion.
OVERTON, C.J., and BOYD and SUNDBERG, JJ., concur.
HATCHETT, J., dissents.
NOTES
[1] Miami Herald Publishing Co. v. Payne, 345 So.2d 730 (Fla.3d DCA 1977). This decision conflicts with Arnold v. Arnold, 292 So.2d 384 (Fla.3d DCA 1974), and with other cases which prescribe the requirements for a stipulation under Florida Rule of Civil Procedure 1.030(d). Our jurisdiction rests on Article V, Section 3(b)(3), Florida Constitution.
[2] § 222.11, Fla. Stat. (1975). Other defenses asserted by the Miami Herald are not now at issue.
[3] § 222.12, Fla. Stat. (1975).
[4] Id. Neither party challenges the validity of this statute in this proceeding.
[5] At the hearing, the trial judge recognized that there could be no continuing garnishment of future wages, and suggested that John voluntarily assign a portion of his anticipated earnings to Judith's attorney. This proposal, to which John neither agreed nor objected, was incorporated in the trial court's final order. The district court's decision, to the effect that a party's silence in response to the court's suggestion at a motion hearing can be construed as a "stipulation", is at odds with Florida Rule of Civil Procedure 1.030(d), is in conflict with Arnold v. Arnold, 292 So.2d 384 (Fla.3d DCA 1974), and is disapproved.
[6] See also Wolf v. Commander, 137 Fla. 313, 188 So. 83 (1939); Maryl v. Hernandez, 254 So.2d 47 (Fla.3d DCA 1971).