389 So.2d 210 (1980)
Elton H. SCHWARZ, Relator,
v.
Honorable Tom WADDELL, Jr., Judge of the Circuit Court, Eighteenth Judicial Circuit of Florida, Acting As Judge of the Circuit Court, Nineteenth Judicial Circuit in and for Martin County, Florida, by Temporary Assignment, Respondent.
No. 791855.
District Court of Appeal of Florida, Fourth District.
June 4, 1980.
Rehearing Denied October 22, 1980.
Elton H. Schwarz, pro se.
Michael A. Nugent of Cone, Owen, Wagner, Nugent, Johnson, Hazouri & Roth, P.A., West Palm Beach, for respondent.
GLICKSTEIN, Judge.
Relator seeks a Writ of Prohibition against the trial court from exercising its jurisdiction under a Writ of Garnishment. He urges four points, of which we find the first to be dispositive, rendering unnecessary any discussion of the remainder. Because we agree that relator's first point has merit, the Writ shall issue.
On September 21, 1978, respondent found relator to be in arrears for child support in the sum of $20,500.00, and entered judgment against him for that amount. On January 26, 1979 relator's minor child reached her majority.
On May 7, 1979 relator's former wife filed a motion for reissuance of garnishment to collect child support for the period of September 21, 1978 to January 26, 1979, and obtained from respondent, on June 28, 1979, an order for continuing writ of garnishment for child support directed to the Comptroller of the State of Florida, garnishing $1,000.00 per month of relator's salary. The order specifically excluded all amounts due for child support prior to September 21, 1978, so none of the previously adjudicated sum of $20,500.00 was involved. On July 10, 1979 the clerk issued a continuing Writ of Garnishment limiting the sum to be withheld to $1,000.00 of relator's earnings *211 each month, subject to further order of the court.
Relator's petition recites that he learned of the foregoing motion, order and writ on July 19, 1979, when one-half of his disposable income was garnished from his salary. The following day, relator filed with the clerk of the circuit court an affidavit of exemption, which the clerk served immediately by mail upon counsel for relator's former wife. Relator's affidavit recited that the money being sought by the writ was due him for his personal labor and services; that he was the head of a family residing in Florida; and that he made the affidavit pursuant to "Section 222.12, Florida Statutes, and 15 U.S.C.S. § 1672 and § 1673."
On July 24, 1979 relator served his traverse of motion for reissuance of writ of garnishment, motion to vacate order for continuing writ of garnishment for child support and motion to quash writ of garnishment. On July 30, 1979 garnishee filed its answer to continuing writ of garnishment and motion for dissolution of garnishment. On August 8, 1979 relator's former wife filed an answer to affirmative defense, denying relator's allegations in ¶ 8a of his traverse wherein he alleged only one child of the parties had been residing with his former wife. On August 13, 1979 relator filed his petition for writ of prohibition in this court; and we find that he has standing.
Relator argues that all proceedings under the continuous writ of garnishment terminated by operation of law upon the failure of relator's former wife to file any affidavit, timely or otherwise, denying the contents of affiant's affidavit, as required by Section 222.12, Florida Statutes (1979).
The statute provides:
Proceedings for exemption.
Whenever any money or other thing due for labor or services as aforesaid is attached by such process, the person to whom the same is due and owing may make oath before the officer who issued the process that the money attached is due for the personal labor and services of such person, and he is the head of a family residing in said state. When such an affidavit is made, notice of same shall be forthwith given to the party, or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within 2 days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued, in like manner as claims to property levied upon by writ of execution are tried, and the money or thing attached shall remain subject to the process until released by the judgment of the court which shall try the issue.
The exemption to which the above section refers is contained in Section 222.11, Florida Statutes (1979):
No writ of attachment or garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.
Relator relies upon the decision in Miami Herald Publishing Co. v. Payne, 358 So.2d 541 (Fla. 1978). In that case, the debtor husband filed an affidavit that he was a "resident head of household." No controverting affidavit was ever filed. Instead, the former wife filed an unsworn motion, challenging the former husband's exemption on the ground that the amounts due fell within the statutory exception for support orders recited in Section 61.12, Florida Statutes (1975).
That statute provided as follows and is identical to Section 61.12(1), Florida Statutes (1979):
Attachment or garnishment of amounts due for alimony.
So much as the court orders of the money or other things due to any person *212 or public officer, state, or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; when the money or other thing sought to be attached or garnisheed is the salary of a public officer, state or county, the writ of attachment or garnishment shall be served on the public officer whose duty it is to pay the salary, who shall obey the writ as provided by law in other cases. It is the duty of the officer to notify the public officer whose duty it is to audit or issue a warrant for the salary sought to be attached immediately upon service of the writ. A warrant for as much of the salary as is ordered held under said writ shall not issue except pursuant to court order unless the writ is dissolved. No more of the salary shall be retained by virtue of the writ than is provided for in the order.
The Supreme Court rejected the same argument made here by respondent that Section 222.12 did not apply to garnishments made pursuant to Section 61.12 and held:
The Third District Court of Appeal has previously held that Section 222.12 must be strictly construed in favor of the debtor. Elvine v. Public Finance Co., 196 So.2d 25, 26 (Fla. 3rd DCA 1967).
The exemption is for the benefit of the debtor, and its benefit may only be accorded to him by the statutory termination of the proceedings.
We agree, from which it follows that all proceedings under the writ of garnishment terminated by operation of law upon the expiration of the time for filing a sworn denial to John's affidavit. Upon that occurrence the trial court had jurisdiction only to return the writ of garnishment to Judith's attorney; it was without authority to continue the proceeding and enter a judgment against the Miami Herald.
Since the petition for certiorari in this case was filed both by the Miami Herald and by John Payne, the question arises whether John benefits from the termination of the garnishment proceeding against the Miami Herald. We think that he does. It seems clear that a judicial proceeding begun on a writ of garnishment retains no vitality for any purpose when the initial process in the suit is returned and the proceeding by law has been mandated to "cease." The trial court surely lacks the authority at that juncture to convert the original proceeding against the garnishee into an equity action against the garnished debtor. See Williams v. T.R. Sweat & Co., 103 Fla. 461, 137 So. 698 (1931).
It may be that Judith's attorney will be required to seek successive writs of garnishment against John's creditors, or that he will need to inaugurate a different form of litigation to enforce his judgment. Nonetheless, it is clear on this record that the proceeding he brought against the Miami Herald to garnish John's wages was terminated by operation of law when he failed to comply with the statutory directive for defeating a debtor's garnishment exemption. Miami Herald Publishing Co. v. Payne, supra at 541.
The decision of the Supreme Court is binding upon this court, notwithstanding that the final judgment of dissolution entered in 1973, providing for child support, is otherwise subject to enforcement by garnishment. Clemons v. Morris, 350 So.2d 519 (Fla. 4th DCA 1977). Further, the fact that the Supreme Court's decision involved attorneys' fees, not child support, we believe not to be distinguishable. Attorneys' fees and child support are treated equally under Section 61.12 in that the statute concerns itself with orders involving alimony, suit money and child support. The term "suit money" includes attorneys' fees. Scanlon v. Scanlon, 154 So.2d 899 (Fla. 1st DCA 1963).
*213 In accordance with the rule set forth in Payne, supra, all proceedings under the writ of garnishment issued pursuant to the order of June 28, 1979, terminated by operation of law upon the expiration of the time for filing a sworn denial of petitioner's affidavit of exemption. Thereafter, the trial court had jurisdiction only to return the writ of garnishment to the attorney for Rose Marie Schwarz.
Accordingly, a writ of prohibition is issued and the respondent is prohibited from exercising any further continuing jurisdiction under its order of June 28, 1979, and the writ of garnishment issued pursuant thereto.
DOWNEY and ANSTEAD, JJ., concur.

ON PETITION FOR REHEARING
GLICKSTEIN, Judge.
Although we note that there is apparent conflict between our decision filed on June 4, 1980, and the decision of the First District Court of Appeal in Sokolsky v. Kuhn, 386 So.2d 806 (Fla. 1st DCA 1980), we adhere to our decision.
The petition for rehearing is denied.
DOWNEY and ANSTEAD, JJ., concur.