405 So.2d 975 (1981)
Edward SOKOLSKY, Petitioner,
v.
Audrey M. KUHN, Formerly Audrey M. Sokolsky, Respondent.
No. 59688.
Supreme Court of Florida.
November 5, 1981.
Tyrie A. Boyer of Boyer, Tanzler, Blackburn & Boyer, Jacksonville, for petitioner.
Elliot Zisser of Zisser, Robison & Spohrer, Jacksonville, for respondent.
ALDERMAN, Justice.
We have for review the decision of the District Court of Appeal, First District, in Sokolsky v. Kuhn, 386 So.2d 806 (Fla. 1st DCA 1980), which expressly and directly conflicts with Schwarz v. Waddell, 389 So.2d 210 (Fla. 4th DCA 1980). The determinative issue in Sokolsky is whether section 61.12(1), Florida Statutes (1979), permitting garnishment of wages of the head of a household "to enforce the orders of the court of this state for alimony, suit money, or child support," applies where child support arrearages had been reduced to a final money judgment. We hold that where a money judgment has been obtained by the former wife, the provisions of section 61.12 do not apply to create an exception to the exemption from garnishment set forth in section 222.11, Florida Statutes (1979). Thus, we conclude that since Kuhn, Sokolsky's former wife, failed to comply with the requirement of section 222.12 by denying under oath the facts set forth in Sokolsky's affidavit within two days after his notice, all proceedings for garnishment should have terminated. We quash the district court's holding to the contrary.
The pertinent facts may be stated briefly. Kuhn filed a complaint to establish a foreign divorce decree as a Florida judgment. *976 The trial court entered a final judgment establishing the foreign divorce decree and reduced the child support arrearages to a final money judgment. This judgment was not appealed. Kuhn then filed a motion for writ of garnishment of her ex-husband's wages, seeking to collect the money judgment for support arrearages. A writ of garnishment issued to which the garnishee responded as to the amount it was presently indebted to Sokolsky. Prior to final judgment of garnishment, Sokolsky moved to dissolve the garnishment and filed an affidavit of exemption alleging that he is the head of a family residing in Florida and that the money attached by these proceedings is due for his personal labor and services. No controverting affidavit was filed by Kuhn. After hearing, the trial court entered a final judgment against the garnishee and specifically stated that Sokolsky was not exempt from garnishment due to section 61.12.
On appeal, the district court held that even though the support arrearages had been reduced to a money judgment, section 61.12 nevertheless applied and removed the section 222.11 garnishment exemption. Thus, the district court concluded, Kuhn's failure to file a controverting affidavit had no effect on the proceedings.
We do not agree with the district court's conclusion that the fact that the support arrearages had been reduced to money judgment in no way altered the applicability of section 61.12 to the present case to create an exception to the exemption established by section 222.11.
Section 222.11 establishes an exemption for a head of a family residing in Florida from garnishment of his wages. It provides:
No writ of attachment of garnishment or other process shall issue from any of the courts of this state to attach or delay the payment of any money or other thing due to any person who is the head of a family residing in this state, when the money or other thing is due for the personal labor or services of such person.
Section 222.12, Florida Statutes (1979), sets out the procedure for claiming this exemption and provides:
Whenever any money or other thing due for labor or services as aforesaid is attached by such process, the person to whom the same is due and owing may make oath before the officer who issued the process that the money attached is due for the personal labor and services of such person, and he is the head of a family residing in said state. When such an affidavit is made, notice of same shall be forthwith given to the party, or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within 2 days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease. If the facts stated in the affidavit are denied by the party who sued out the process within the time above set forth and under oath, then the matter shall be tried by the court from which the writ or process issued, in like manner as claims to property levied upon by writ of execution are tried, and the money or thing attached shall remain subject to the process until released by the judgment of the court which shall try the issue.
Section 61.12, which creates an exception for this exemption for head of a family, provides:
(1) So much as the court orders of the money or other things due to any person or public officer, state or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; when the money or other thing sought to be attached or garnisheed is the salary of a public officer, state or county, the writ of attachment or garnishment shall be served on the public officer whose duty it is to pay the salary, who shall obey the writ as *977 provided by law in other cases. It is the duty of the officer to notify the public officer whose duty it is to audit or issue a warrant for the salary sought to be attached immediately upon service of the writ. A warrant for as much of the salary as is ordered held under said writ shall not issue except pursuant to court order unless the writ is dissolved. No more of the salary shall be retained by virtue of the writ than is provided for in the order.
(2) The provisions of chapter 77 or any other provision of law to the contrary notwithstanding, the court may issue a continuing writ of garnishment to an employer to enforce the order of the court for periodic payment of alimony or child support or both. The writ may provide that the salary of any person having a duty of support pursuant to said order be garnisheed on a periodic and continuing basis for so long as the court may determine or until otherwise ordered by the court or a court of competent jurisdiction in a further proceeding.
We hold that the final money judgment entered by the trial court in the present case in favor of Kuhn against Sokolsky in the amount of $15,635 is not an order "of the court of this state for alimony, suit money, or child support" within the purview of section 61.12. When a money judgment is entered providing for execution, the provisions of section 61.12 are not applicable. In seeking garnishment, Kuhn was therefore governed by the general law relating to garnishment after judgment which included the requirement of section 222.12 that she file a sworn denial to Sokolsky's affidavit. On the other hand, had the past-due child support not been reduced by Kuhn to a final money judgment subject to execution, the district court would have been entirely correct in holding that section 61.12 constitutes an exception to section 222.11 and that, therefore, it would not be necessary for an ex-spouse to follow the directive of section 222.12 and to file a controverting affidavit to the other ex-spouse's affidavit claiming head of the family status. See Waddell v. Schwarz, 405 So.2d 978 (Fla. 1981).
To the extent that Busot v. Busot, 354 So.2d 1255 (Fla.2d DCA 1978); Clemons v. Morris, 350 So.2d 519 (Fla. 4th DCA 1977); Hall v. Air Force Finance Center, Department of the Air Force of the United States, 344 So.2d 1340 (Fla. 1st DCA 1977); and DeCastro v. DeCastro, 334 So.2d 834 (Fla.3d DCA 1976), are inconsistent with this decision, they are disapproved.
Accordingly, we hold that the exception to the head of the family exemption from garnishment of an ex-spouse's wages created by section 61.12 does not apply here where the ex-wife has reduced past-due child support to a final money judgment and that, therefore, in seeking garnishment the ex-wife must comply with the requirements of section 222.12 in order to succeed in her garnishment proceeding.[1] In view of *978 this holding, we find it unnecessary to resolve the remaining issues raised by Sokolsky. The decision of the district court is quashed, and this cause is remanded for further proceedings consistent herewith.
It is so ordered.
SUNDBERG, C.J., and BOYD and OVERTON, JJ., concur.
ADKINS and McDONALD, JJ., dissent.
NOTES
[1] We note that because of our recent holding in Killian v. Lawson, 387 So.2d 960 (Fla. 1980), and our present holding here, it is conceivable that where an ex-wife reduces to money judgment an order for past-due support payments and seeks garnishment of her ex-husband's wages to collect this debt, the husband might attempt to claim the head of the family exemption in section 222.11 by claiming that he pays alimony or child support to his ex-wife. Killian v. Lawson involved the claims of a third-party debtor. In that case, we held that a divorced husband, who pays alimony which constitutes the sole support of his ex-wife, is entitled to the exemption of wages from garnishment under section 222.11 since, we decided, a wage earner need not reside in the same house with his wife or children to remain head of a family. In support of this holding, we said that alimony is to prevent the dependent party from becoming a charge or an object of charity and that these exemption statutes serve the same purpose and should be liberally construed so that the family of the debtor as well as the debtor would not become public charges. This holding, however, is limited to a situation where a third-party creditor seeks garnishment. If this type of exemption were available in cases involving past-due child support or alimony, an ex-husband would be able to defeat his former wife's garnishment on the basis that he is the head of the family to which he is liable for child support or alimony and for which he is indebted. We do not intend such an absurd result. An ex-husband will not be able to avoid garnishment for past-due child support or alimony on this basis.