This case is before us to review the decision of the District Court of Appeal, Fourth District, in Schwarz v. Waddell, 389 So.2d 210
(Fla. 4th DCA 1980), which conflicts with Sokolsky v.Kuhn, 386 So.2d 806 (Fla. 1st DCA 1980). The Fourth District holds that although the ex-wife was seeking garnishment to satisfy an order of the trial court for child support which was encompassed by section 61.12, Florida Statutes (1979), the requirement of section 222.12, Florida Statutes (1979), that she controvert the head of the family claim made by her ex-husband, whose wages she sought to garnishee, applied, and therefore, upon her failure to file an affidavit denying the contents of her ex-husband's affidavit asserting head of the family status, all proceedings under the continuous writ of garnishment terminated by operation of law. We quash the decision of the district court *Page 979 
granting the ex-husband's petition for writ of prohibition and hold that under the facts of the present case where the trial court's order awarding support had not been reduced to final money judgment subject to execution, section 61.12 applied to create an exception to sections 222.11 and 222.12, Florida Statutes (1979), and that therefore the garnishment proceedings to collect child support for the period of September 21, 1978, to January 26, 1979, should not have terminated as a matter of law because the ex-wife failed to file a controverting affidavit. We remand for further proceedings so that the district court may consider the other arguments made by Schwarz in his petition which the district court had found unnecessary to resolve.
On September 21, 1978, the trial court found Elton Schwarz to be in arrears for child support in the amount of $20,500 and entered judgment against him for that amount. The motion by his former wife for issuance of garnishment to collect child support which is the basis of the present review did not relate to this final judgment but rather was a motion for reissuance of garnishment to collect child support for the period of September 21, 1978, to January 26, 1979.[1] Schwarz's minor child reached her majority on January 26, 1979, and his former wife filed for reissuance of garnishment on May 7, 1979. On June 28, 1979, the trial court entered an order for continuing writ of garnishment for child support to the comptroller of this state garnishing $1,000 per month of Schwarz's salary until all delinquent obligations are paid in full. This order expressly excluded all amounts due for child support prior to September 21, 1978, for which a money judgment had been entered. Thus, none of the previously adjudicated $20,500 was involved. The clerk, on July 10, 1979, issued a continuing writ of garnishment limiting the sum to be withheld to $1,000.
On July 20, 1979, Elton Schwarz filed an affidavit of exemption pursuant to section 222.12, claiming that he is the head of a family residing in Florida and that the money sought to be attached was due him for his personal labor and services. Then on July 24, 1979, he filed a traverse of the motion for reissuance of a writ of garnishment, a motion to vacate the order for continuing writ of garnishment for child support and a motion to quash the writ of garnishment. The garnishee subsequently moved for dissolution of the writ of garnishment on the basis that neither Schwarz's former wife nor her attorney had filed with the court a denial under oath of any of the matters set forth in the affidavit of exemption and that therefore all proceedings under the writ of garnishment terminate upon expiration of the time for filing a sworn affidavit of exemption.
Thereafter, Schwarz filed his petition for writ of prohibition with the district court and contended that all proceedings under the continuous writ of garnishment terminated by operation of law upon the failure of his former wife to file a controverting affidavit as required by section 222.12. The district court, agreeing with Schwarz, granted the petition for writ of prohibition on this basis and found it unnecessary to address the remaining three arguments made by Schwarz in his petition.[2]
The pertinent statutory provisions involved are section61.12(1) which permits *Page 980 
garnishment of the former spouse's wages, even if he is head of a family residing in Florida, to enforce "orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support"; section 222.11 which provides for exemption of a former spouse's wages from garnishment where he is head of a family residing in this state; and section 222.12 which provides the procedure for claiming this exemption which includes the requirement that the former spouse controvert under oath the affidavit of the other former spouse claiming head of the family status.
We hold that section 61.12(1) creates an exception to the exemption provided by section 222.11 and that therefore the provisions of section 222.12 are not applicable where the former wife is seeking garnishment pursuant to section 61.12(1) to enforce child support "orders of the court of this state." The fact that the former husband filed an affidavit claiming the status of head of the family has no legal significance in a garnishment proceeding instituted pursuant to section 61.12(1) because this provision allows garnishment of wages of the head of a family to enforce child support orders. Cf. Sokolsky v. Kuhn,405 So.2d 975 (Fla. 1981), which recognized that section 61.12 is an exception to the exemption provided the head of the family but held that, since a final money judgment subject to execution had been obtained on past-due child support, the former spouse was precluded from proceeding under section 61.12 to enforce her judgment.
The district court, in the present case, determined that it was compelled to hold that section 222.12 required termination of the garnishment proceedings despite the exception of section 61.12 in view of our opinion in The Miami Herald Publishing Co. v.Payne, 358 So.2d 541 (Fla. 1978). Although it does not clearly appear in Payne that we addressed the precise issue now before us, insofar as the language we used in Payne may appear to be inconsistent with our present holding, we recede from that decision.
Accordingly, having found that the former wife was not required to comply with section 222.12 by filing a sworn denial of Schwarz's affidavit of exemption, we quash the district court holding that all proceedings under the writ of garnishment terminated by operation of law. We remand this cause to the district court for further proceedings consistent with this opinion and to resolve the other issues presented by the petition for writ of prohibition which it found unnecessary to address in light of its initial disposition of the cause.
It is so ordered.
SUNDBERG, C.J., and BOYD and OVERTON, JJ., concur.
ADKINS, J., dissents.
[1] The former wife had initially filed a motion for garnishment seeking to collect the past-due child support payments upon which a final money judgment subject to execution had been entered by the trial court. She subsequently filed a notice of voluntary dissolution of that writ of garnishment and motion for reissuance of garnishment for child support that had accrued subsequent to the entry of the money judgment.
[2] The issues raised but not addressed by the district court were whether the trial court was without jurisdiction to garnish the wages of a head of a household under section 61.12 for collection of delinquent child support payments after the dependent child attains her majority and the obligation for payment of support terminates; whether the trial court had jurisdiction to enter its order for continuing writ of garnishment for child support on June 28, 1979; and whether garnishment may be obtained prior to entry of a judgment for alleged arrearages.