HERSEY, Judge.
Appellee, June A. Anderson, obtained a final judgment for arrearages of child support in the amount of $39,217.00 which she then sought to recover in garnishment proceedings.
A writ of garnishment was served on appellant’s employer who thereupon confessed indebtedness. In reliance on the exemption from garnishment of wages for personal labor or services created by Section 222.11, Florida Statutes (1981), appellant filed his affidavit alleging head of household status.
A preliminary but transient issue is raised by an affidavit made by appellee’s attorney which apparently was filed within the two day period established by Section 222.12, Florida Statutes (1981) and which ostensibly was for the purpose of contesting appellant’s eligibility for homestead status. This issue is rendered moot, however, by counsel’s concession in open court (transcribed and made part of the record on appeal) that appellant is, indeed, entitled to claim the homestead exemption.
The stage is thus set for the main thrust of appellant’s appeal. Section 61.12, Florida Statutes (1981) carves out of the Section 222.11 exemption an exception where the debt for which garnishment is sought arises from “.. . orders of the court of this state for alimony, suit money, or child support .. . . ” The ultimate issue is whether or not this exception applies where arrearages in “alimony, suit money, or child support” have been reduced to final judgment, as here. This question has recently, and irrevocably been put to rest in appellant’s favor. Sokolsky v. Kuhn, 405 So.2d 975 (Fla.1981). We therefore merely echo the holding of our supreme court that reducing arrearages to a final judgment precludes resort to the exception of Section 61.12.
We therefore reverse and remand for such further proceedings as may be necessary and appropriate to reflect this conclusion.
Appellant has additionally questioned the validity of the judgment itself; however, no appeal was timely taken from that judgment and we are without jurisdiction to consider that point in this appeal.
REVERSED and REMANDED.
GLICKSTEIN, J., and OWEN, WILLIAM C., Jr., (Retired) Associate Judge, concur.