GLICKSTEIN, Judge.
This case has a long procedural history which we hope to finally conclude. The facts have been recited in full in Schwarz v. Waddell, 389 So.2d 210 (Fla. 4th DCA 1980), rev’d, 405 So.2d 978 (Fla.1981). Remanding the case, the supreme court directed us to consider the three remaining grounds urged by relator in his petition for a writ of prohibition. Since none involves questions of jurisdiction appropriate for issuance of the writ, we deny his petition.
The three issues facing us are (1) whether garnishment under section 61.12, Florida Statutes (1979),[1] may be obtained prior to entry of a judgment for arrearages; (2) whether the trial court had jurisdiction to enter its order for continuing writ of garnishment for child support on June 28,1979; and (3) whether the trial court erred in garnishing relator’s wages under section 61.12 for collection of delinquent child support payments after his dependent child attained the age of majority.
As a general statement of law, prohibition is a prerogative writ issued in the court’s discretion to restrain a lower tribunal from acting in excess of or without jurisdiction. It is not designed, as essentially urged by relator, to correct an order already issued; nor does it serve as a vehicle for the correction of errors made by a lower court acting within its authority. English v. McCrary, 348 So.2d 293 (Fla.1977). We have, however, determined to treat relator’s petition as one requesting a writ of certiorari, which Florida Rule of Appellate Procedure 9.040(c) authorizes us to do.[2] See State ex rel. Department of Health & Rehabilitative Services v. Upchurch, 394 So.2d 577 (Fla. 5th DCA 1981).
Regarding the first issue raised by relator, the Supreme Court of Florida recently settled it in the affirmative in Sokolsky v. Kuhn, 405 So.2d 975 (Fla.1981), which held that reducing arrearages to final judgment precludes resort to section 61.12. See also Sweeten v. Anderson, 414 So.2d 258 (Fla. 4th DCA 1982).
*63 Issue two lacks merit on its face since the amounts due under the continuing writ of garnishment pertain only to the amounts accruing subsequent to the final judgment entered on September 21,1978. The appeal of that judgment in Schwarz v. Schwarz, 395 So.2d 607 (Fla. 4th DCA 1981), could in no way affect the jurisdiction of the lower court to determine arrearages accruing subsequent to September 21st.
Last and foremost, relator urges us to apply the law of contempt to the law of garnishment. Contempt does not lie to enforce the payment of support arrearages once a child has attained the age of majority. Gersten v. Gersten, 281 So.2d 607 (Fla. 3d DCA 1973). See generally Annot., 32 A.L.R.3d 855 (1970), and cases cited therein. Generally speaking, contempt is not available as a means of enforcing money judgments due to the constitutional prohibition against imprisonment for debt;[3] therefore, in support cases, it is an extraordinary remedy justified by a parent’s duty to provide for his minor children and society’s interest in protecting the welfare of dependents.
Garnishment, on the other hand, is an ordinary civil proceeding to enforce an order of the court for payment of money. The Legislature, in enacting section 61.12, recognized that orders entered in domestic matters should be treated differently, but it in no way indicated an intent to limit available remedies. On the contrary, it created an exception to the general exemption from garnishment that may be asserted under section 222.11, Florida Statutes (1979), when money is due the head of a family for personal services and labor, thus enlarging the source of funds available for support orders.
In declining to adopt relator’s third argument, we note the First District Court of Appeal rejected the same in Sokolsky v. Kuhn, 386 So.2d 806 (Fla. 1st DCA 1980). Although the supreme court reversed Sokol-sky on other grounds,[4] we believe its decision did not affect the validity of the district court of appeal’s opinion on this issue. Moreover, we find support for our conclusion in other jurisdictions. See, e.g., Dawson v. Dawson, 71 Wash.2d 66, 426 P.2d 614 (1967).
Finding no departure from the essential requirements of law and inappropriate grounds for a writ of prohibition, we deny relator’s petition.
DOWNEY and ANSTEAD, JJ., concur.

. Section 61.12, Florida Statutes (1979), provides in relevant part:
(1) So much as the court orders of the money or other things due to any person or public officer, state or county, whether the head of a family residing in this state or not, when the money or other thing is due for the personal labor or service of the person or otherwise, is subject to attachment or garnishment to enforce the orders of the court of this state for alimony, suit money, or child support, or other orders in proceedings for dissolution, alimony, or child support; ....
(2) The provisions of chapter 77 or any other provision of law to the contrary notwithstanding, the court may issue a continuing writ of garnishment to an employer to enforce the order of the court for periodic payment of alimony or child support or both. The writ may provide that the salary of any person having a duty of support pursuant to said order be garnisheed on a periodic and continuing basis for so long as the court may determine or until otherwise ordered by the court or a court of competent jurisdiction in a further proceeding.

. Florida Rule of Appellate Procedure 9.040(c) requires that “[i]f a party seeks an improper' remedy, the cause shall be treated as if the proper remedy had been sought....” We note, however, that we would not accept jurisdiction on any ground because relator has an adequate remedy below were it not for the supreme court’s direction to consider the remaining issues in the cause. The record reflects the following combined motions remain pending in the trial court: a sworn traverse of the motion for reissuance of the writ of garnishment; a motion to vacate the order for a continuing writ of garnishment for child support; and a motion to quash the writ of garnishment. These motions raised the same issues presented in relator’s petition for prohibition. The State, as garnishee, filed a motion for dissolution of garnishment, arguing that since no sworn denial to relator’s affidavit of exemption had been timely filed, all proceedings dealing with the writ of garnishment had to cease. The former wife filed an answer and relator filed this petition.

. Article I, section 10 of the Florida Constitution provides that “[n]o person shall be imprisoned for debt, except in cases of fraud.”

. 405 So.2d 975 (Fla.1981).