DELL, Judge.
The Department of Health and Rehabilitative Services [HRS] appeals an order of the trial court which dissolved a continuing writ of garnishment.
A final judgment of dissolution entered in 1976 awarded appellee Ernestine Sweet-ing (now known as Ernestine Forbes) custody of six minor children born of her marriage to appellee Freddie Sweeting. The final judgment ordered Freddie Sweeting to pay $25.00 per week child support. He made no child support payments through 1980, and Ernestine Forbes received state assistance through HRS pursuant to Sections 409.235 et seq., Florida Statutes (1981), Aid to Families With Dependent Children [AFDC]. In 1981, HRS instituted proceedings to collect child support arrear-ages from Sweeting. The trial court’s order containing final judgment found and adjudged Sweeting indebted to HRS in the amount of $5,404.00. The order also granted a continuing writ of garnishment, pursuant to Section 61.12, Florida Statutes (1981), against Sweeting’s employer, the Village of North Palm Beach. The writ issued in March, 1981.
The following November, HRS cancelled the Forbes’ AFDC grant, and she petitioned for modification of child support. Sweeting and Forbes entered into a settlement agreement in which Forbes agreed to cooperate to expunge the writ of garnishment, and Sweeting agreed that upon expungement, he would pay to Forbes as additional child *1026 support all funds previously being paid to the Department. Sweeting filed a motion to set aside writ of garnishment, which Forbes did not resist. The trial court modified child support in accordance with the settlement agreement, and dissolved the writ of garnishment on the authority of Sokolsky v. Kuhn, 405 So.2d 975 (Fla.1981).[1] The next day, HRS filed its controverting affidavit and motion for rehearing, which the trial court denied.
In Sokolsky v. Kuhn, the former wife reduced child support arrearages to a final money judgment and secured a writ of garnishment. The former husband moved to dissolve the writ and filed an affidavit of exemption alleging that he is the head of a family, exempt from garnishment under Section 222.11, Florida Statutes (1979). The former wife filed no controverting affidavit. The trial court found that the former husband was not exempt from garnishment due to Section 61.12. Section 61.12 creates an exception to the head of family exemption from garnishment with respect to orders of the court for alimony, suit money, or child support. The Supreme Court held:
[T]he exception to the head of the family exemption from garnishment of an ex-spouse’s wages created by section 61.12 does not apply here where the ex-wife has reduced past-due child support to a final money judgment and that, therefore, in seeking garnishment the ex-wife must comply with the requirements of section 222.12 in order to succeed in her garnishment proceeding.[1]
Id. at 977. The ex-husband’s status as a head of a family depended upon his obligation to support children other than those in the custody of his ex-wife. The Supreme Court’s footnote 1 states in pertinent part:
[I]t is conceivable that where an ex-wife reduces to money judgment an order for past-due support payments and seeks garnishment of her ex-husband’s wages to collect this debt, the husband might attempt to claim the head of the family exemption in section 222.11 by claiming that he pays alimony or child support to his ex-wife.... This holding, however, is limited to a situation where a third-party creditor seeks garnishment. If this type of exemption were available in cases involving past-due child support or alimony, an ex-husband would be able to defeat his former wife’s garnishment on the basis that he is the head of the family to which he is liable for child support or alimony and for which he is indebted. We do not intend such an absurd result. An ex-husband will not be able to avoid garnishment for past-due child support or alimony on this basis. (Emphasis added.)
Id. at 977.
This is the situation sub judice. Sweet-ing claims to be exempt by virtue of his status as the head of a family. This status depends upon his obligation to support persons whom he has in fact declined to support. Accordingly, had Forbes resisted the motion to set aside writ of garnishment, Sweeting could not claim exempt status as against her.
However, Forbes has not resisted the motion, and the writ was not issued in her favor, but rather in favor of HRS, for reimbursement of sums paid to support her children. Forbes and Sweeting contend that HRS is a mere third party creditor, and cannot avoid the head of family exemption.
The Supreme Court addressed this issue in Lamm v. Chapman, 413 So.2d 749 (Fla.1982). The husband therein failed to make child support payments, the wife received AFDC support, and the trial court granted HRS’s petition to have all payments due from husband paid into court with directions to forward them to HRS. The State’s attorney subsequently filed a motion for contempt for nonpayment, and the trial court sentenced the husband to jail, with provisions to purge the contempt. The district court reversed, inter alia, on the ground that the contempt order was an *1027 unconstitutional imprisonment for debt. Although it recognized that the obligation to pay child support is not debt but a duty to the family which may be enforced by contempt, it held that when this duty has been converted into a debt to a third party, that third party may not enforce payment by contempt.
The Supreme Court rejected this portion of the district court’s opinion. Upon examination of Section 409.2561 and the declared public policy regarding child support, the Court concluded that the legislature did not intend to prohibit the State from using civil contempt as a means of securing repayment of public moneys expended in behalf of the unsupported child. The Court made the following statements:
By the express authority of section 409.-2561(3)(c), the state is empowered to act in the place of the public assistance recipient in seeking civil enforcement of the child support obligation; no limitations are placed on the state’s choice of remedies. We construe section 409.2561(3)(c) to authorize the state’s use of the identical remedies against the responsible parent as are available to the child’s custodian, including, but not limited to, the use of civil contempt.
* * * * * *
[T]he assignment of the child support obligation to the state, under section 409.-2561(3) does not change the nature of the obligation, nor does it limit the means by which the obligation may be enforced.
* is sfc ¡fc sfc
We note that, although contempt may be the most generally used means of enforcing the child support obligation, it is not the only remedy available to the state or to the child’s custodian. Either could obtain a judgment for an arrearage of child support. In the event that such a judgment is obtained, it constitutes a judgment debt upon which execution may issue and for which traditional enforcement remedies, including liens and levies, may be utilized.
Id. at 752-53, (emphasis added).
Accordingly, in the case sub judice, the State, through the Department of Health and Rehabilitative Services, is not a third party creditor, but stands in the shoes of the wife, and may collect outstanding child support by any remedy available to the wife.
Forbes and Sweeting argue that HRS has lost its privileged position because AFDC payments have terminated. We disagree. The Supreme Court in Lamm held that it is the acceptance of public assistance which vests the authority to proceed with all remedies in the Department. Forbes accepted public assistance and the fact that the public no longer provides assistance does not operate to erase HRS’s previously vested authority to collect arrearages.
We hold that under the facts of this case, appellee Sweeting is not the head of a family for purposes of the exemption from garnishment provided by section 222.11. We reverse and remand with instructions to reinstate the writ of garnishment.
DOWNEY and GLICKSTEIN, JJ., concur.

. Although the final judgment modifying child support states, “The parties have noticed the State of Florida, Department of Health and Rehabilitative Services with a motion to set aside writ of garnishment,” the certificate of service attached to that motion indicates that Sweeting did not serve the department. HRS neither affirms nor denies receipt of notice, and does not argue the lack thereof as grounds for reversal.