DOWNEY, Judge.
Appellant, Theodore Cooper, appeals from two non-final orders granting and issuing a continuing writ of garnishment of his wages and salary to satisfy a judgment for child support arrearages in favor of his ex-wife, appellee, Ina P. Cooper.
After having recovered a judgment against appellant for arrearages in child support, appellee sought, and the trial court issued, a continuing writ of garnishment against appellant’s employer. Appellant contends the trial court erred in so doing because 1) a continuing writ of garnishment is not available under section 61.-12(2), Florida Statutes, for collecting a judgment for child support arrearages when there is no longer a continuing or present duty of support, and 2) a continuing writ of garnishment was not available under chapter 77 of the Florida Statutes at the time the orders in question were entered. Appellee responds that recent amendments to both section 61.12 and chapter 77 of the Florida Statutes authorize continuing writs of garnishment against judgments generally as an exception to the exemption for the wages of the head of a family.
Prior to 1988, chapter 77 of the Florida Statutes provided for the issuance of writs of garnishment so that creditors could subject any money due their debtor to the process of the court and the eventual satisfaction of said debt. However, since section 222.12, Florida Statutes (1987), provided a debtor’s exemption for money due for the personal labor and services of the head of a family, the legislature crafted an exception to this exemption in section 61.-12(1), Florida Statutes, by providing that a writ of garnishment was available to a creditor to enforce an order for alimony and child support as against the wages and salary of the head of a family. Section 61.12(2) referenced chapter 77 and any other law to the contrary and provided that the court was authorized to issue a continuing writ of garnishment to enforce periodic payments of alimony and child support.
In construing those statutory sections, several cases held that the continuing writ of garnishment was not available under section 61.12(2) unless the order being enforced was a current continuing order for support or alimony. Thus, a continuing writ to recover arrearages for past due support for an emancipated child, for example, would not issue because there was no ongoing future duty of support. Nichols v. Schwarz, 504 So.2d 503 (Fla. 4th DCA 1987); Goldstein v. Ginsberg, 399 So.2d 415 (Fla. 3d DCA 1981). Other cases held that, because the statute referred to “orders” of the court for alimony and support, rather than a judgment, reduction of the amounts due to a final judgment made the exception contained in 61.12 inapplicable and the judgment unenforceable via a continuing writ of garnishment pursuant to Sokolsky v. Kuhn, 405 So.2d 975 (Fla. 1981), and Sweeten v. Anderson, 414 So.2d 258 (Fla. 4th DCA 1982).
In 1984 the legislature amended section 61.12(1) to include “judgments” as well as “orders” within the purview of the statute and thus available for enforcement by garnishment as an exception to the exemption contained in section 222.11. However, appellant points out that said amendment did not include section 61.12(2) as the word *109 “judgments” was not added therein. Therefore, appellant contends there is no authority for issuance of a continuing writ of garnishment to enforce appellee’s judgment.
One week after entry of the order issuing the continuing writ of garnishment in this case, the legislature enacted section 77.0305, Florida Statutes (Supp.1988), which authorizes the issuance of continuing writs of garnishment generally when the subject of the garnishment is the salary or wages of an employee. No longer is the issuance of continuing writs available exclusively for enforcement of debts for alimony and child support.
Invoking the well established rule that an appellate court will dispose of a case on appeal according to the law prevailing at the time of the appellate disposition, Florida East Coast Railway v. Rouse, 194 So.2d 260 (Fla.1966); Simpson v. First National Bank and Trmt Company of Lake Worth, 318 So.2d 209 (Fla. 4th DCA 1975), we hold that a judgment for arrearages of alimony or child support may be enforced against the wages or salary of the head of a family by a continuing writ of garnishment regardless of the fact that the order giving rise to the arrearage no longer continues in effect.
The orders appealed from are affirmed.
HERSEY, C.J., and GUNTHER, J., concur.