PER CURIAM.
Marc Gerlick appeals the denial of his motion for dissolution of the continuing writ of garnishment currently standing against his salary or wages. We reverse and remand for dissolution of the writ of garnishment.
The appellees obtained a money judgment and procured a continuing writ of garnishment against Gerlick’s wages or salary. The appellees thereafter served the writ on his employer, Gerlick & Co. Gerlick filed the underlying motion to dissolve the writ. In support of his motion, he also filed two affidavits, both executed by himself, the second being sworn before the trial court clerk. The appellees did not file a response to the affidavits.
At the hearing on his motion, Gerlick argued that since the appellees did not file a sworn denial of his affidavit statements, the trial court was without jurisdiction to do anything but dissolve the writ. The trial court rejected that argument and continued with the hearing. Gerlick now argues that because the appellees failed to file a denial in response to his affidavits as required by section 222.12, Florida Statutes (1999), the trial court had jurisdiction only to dissolve the writ of garnishment, regardless of whether he is entitled to relief on the underlying merits.
*1222 Section 222.12 provides that when wages or salary are garnished, the person whose wages are garnished
may make oath before the officer who issued the process that the money attached is due for the personal labor and services of such person, and she or he is the head of a family residing in said state. When such an affidavit is made, notice of same shall be forthwith given to the party, or her or his attorney, who sued out the process, and if the facts set forth in such affidavit are not denied under oath within 2 days after the service of said notice, the process shall be returned, and all proceedings under the same shall cease.
The Florida Supreme Court has held that absent the required denial, the trial court has jurisdiction only to return the writ and terminate the garnishment proceedings. See Miami Herald Pub. Co. v. Payne, 358 So.2d 541 (Fla.1978). The court has also stated that section 222.12 must be strictly construed in favor of the debtor. See id. at 543.
Applying section 222.12 strictly, as we are required to do, this matter should never have reached the evidentiary stage since the appellees never denied the claims Gerlick made in his affidavits. Accordingly, we reverse and remand for dissolution of the writ of garnishment.
REVERSED AND REMANDED.
DELL, GUNTHER and SHAHOOD, JJ., concur.